## NORTH UMBERLAND MINING CO. v. STANDARD ACC. INS. CO.

### No. 12950.

United States Court of Appeals
Ninth Circuit.

Jan. 22, 1952.

Donald Armstrong, Torrance, Cal., for appellant.

Bauder, Gilbert, Thompson & Kelly, Jean Wunderlich, Los Angeles, Cal., for appellee.

Before STEPHENS, HEALY, and BONE, Circuit Judges.

HEALY, Circuit Judge.

We are confronted on this appeal with an apparently novel question concerning our jurisdiction to entertain it.

The judgment attempted to be appealed from was entered January 25, 1951. No appeal was taken within the 30-day period prescribed by Fed.Rules Civ.Proc. rule 73(a), 28 U.S.C.A. On March 20, 1951, counsel for the losing party filed and presented to the district court an affidavit in which he stated that through inadvertence he had permitted the 30-day period to expire because he was not aware of the entry of the judgment and did not receive notice of it. He asked that the time for appeal be extended to March 26, 1951. On the same day the court, without notice to appellee, made an order extending the time to the date requested. Notice of appeal, dated March 22, 1951, was thereafter served by appellant by mail within the extended time.

On April 6, 1951, appellee filed notice of motion and motion for reconsideration and vacation by the court of its order on the ground that the same was made without notice to appellee or motion made in open court, and without opportunity for appellee to be heard or to object thereto. The further ground was advanced that the files, records, proceedings and dockets relating to the cause affirmatively show that the clerk on the date of the entry of the judgment notified all counsel of the entry of the same. Accompanying the motion was an affidavit of appellee's counsel of record stating that he had received from the clerk on January 26, 1951, a copy of the notice of

entry of judgment and is informed and alleges that like notice was sent to all attorneys of record. Attached to the affidavit was a copy of the clerk's docket entry of January 25, 1951, giving the name and address of appellant's counsel, and other counsel in the case, and containing notice that judgment in the cause had been that day entered. This showing was not controverted.

When the motion to vacate the ex parte extension order came on to be heard the court declined to rule upon it on the ground that "if the order extending time was a voidable order, the taking of the appeal has robbed the District Court of jurisdiction; and if, on the other hand, it is a void order, it is void without this Court acting thereon."

The provisions governing the situation are found in Rules 77(d), 73(a), and 6(b) and (d) of the Rules of Civil Procedure, the material parts of which are shown on the margin.[1] The time for taking an appeal in this case was, of course, 30 days from the entry of the judgment as prescribed by Rule 73(a). Had the request for enlargement of the time been made before the expiration of that period the court would have

been empowered to order the enlargement "with or without motion or notice." But since it was made after expiration of the period, that is to say at a time when the movant was already in default, the court was without authority to act ex parte; it might proceed only upon motion and after notice of hearing served on the party or parties affected. Such is the unmistakable import of Rule 6(b) and (d); and there is nothing anywhere in the Rules or in the nature of the proceeding itself suggestive of a contrary interpretation. Compare the provision of Rule 6(d) conditioning even the ex parte shortening of the period of notice on the requirement of a showing of cause. This case, in respect of the facts bearing on the claim of excusable neglect, affords an excellent illustration of the wisdom of empowering the court to act in such a matter only after notice and opportunity given the opposite party to be heard.

In sum, we conclude that the court is without authority to extend the time for appeal except upon compliance with the rules governing the subject. The extension order here granted ex parte was void ab initio, and the appeal is accordingly dismissed.

1. Rule 77(d). "Immediately upon the entry of an order or judgment the clerk shall serve a notice of the entry by mail in the manner provided for in Rule 5 upon every party affected thereby who is not in default for failure to appear, and shall make a note in the docket of the mailing. * * * Lack of notice of the entry by the clerk does not affect the time to appeal or relieve or authorize the court to relieve a party for failure to appeal within the time allowed, except as permitted in Rule 73(a)."

Rule 73(a). "When an appeal is permitted by law from a district court to a court of appeals the time within which an appeal may be taken shall be 30 days from the entry of the judgment appealed from * * * except that upon a showing of excusable neglect based on a failure of a party to learn of the entry of the judgment the district court in any action may extend the time for appeal not exceeding 30 days from the expiration of the original time herein prescribed. * * * *"

Rule 6(b). "When by these rules * * * an act is required or allowed to be done at or within a specified time, the court for cause shown may at any time in its discretion (1) with or without motion or notice order the period enlarged if request therefor is made before the expiration of the period originally prescribed or as extended by a previous order or (2) upon motion made after the expiration of the specified period permit the act to be done where the failure to act was the result of excusable neglect; but it may not extend the time for taking any action under rules * * * 73(a) * * * except to the extent and under the conditions stated in them."

Rule 6(d). "A written motion, other than one which may be heard ex parte, and notice of the hearing thereof shall be served not later than 5 days before the time specified for the hearing, unless a different period is fixed by these rules or by order of the court. Such an order may for cause shown be made on ex parte application. When a motion is supported by affidavit, the affidavit shall be served with the motion; and, except as otherwise provided in Rule 59(c), opposing affidavits may be served not later than 1 day before the hearing, unless the court permits them to be served at some other time."