William I. COHEN, Appellant,

v.

PLATEAU NATURAL GAS COMPANY,
Drillers Gas Company, Paul Kitch and
Vulcan Materials Company, Appellees.

No. 6713.

United States Court of Appeals
Tenth Circuit.

May 1, 1962.

David M. Palley, New York City, for appellant.

Richard F. Mullins, Wichita, Kan., for appellee, Plateau Natural Gas Co. and Drillers Gas Co.

Frank H. McFadden, Birmingham, Ala., for appellee, Vulcan Materials Co.

Before MURRAH, Chief Judge, and LEWIS and BREITENSTEIN, Circuit Judges.

PER CURIAM.

This is an appeal from a summary judgment entered against Appellant in his stockholders' derivative action against Appellees.

Upon the filing of the notice of appeal, Appellees moved for dismissal on the ground that the notice was untimely. We denied the motion without prejudice to renewal at time of argument on the merits.

The summary judgment was entered on January 11, 1961. The record shows that a copy of the journal entry of judgment was received by Appellant's local counsel of record in Wichita, Kansas forthwith, and the records of the District Court Clerk show that notice and copies of the journal entry of judgment were mailed to all of the attorneys of record, including David M. Palley, Appellant's chief counsel in New York City, New York. No attempt to appeal was made by Appellant within the thirty-day period provided by Rule 73(a), Federal Rules of Civil Procedure, 28 U.S.C.A. but on March 8, 1961, after the time for appeal had expired, Mr. Palley filed an affidavit asking the trial court to extend the time for appeal on the ground that he had not received notice of the entry of judgment. On that date, the trial court issued an ex parte order extending the time to appeal for thirty days and Appellant's notice of appeal was filed within the extended time. Appellees' motion in the trial court to set aside the order extending the time to appeal was denied on the basis that the filing of the notice of appeal had divested that Court's jurisdiction.

■■ Under these circumstances, it is extremely doubtful whether, as a matter of law, the "excusable neglect" contemplated by Rule 73(a) was present. See: Nichols-Morris Corporation v. Morris, 2 Cir., 279 F.2d 81. In any event, since the motion in the form of an affidavit for an extension of time in which to appeal was not made within the initial thirty days allowed by Rule 73 (a), the trial court was without power to act without giving notice to all adverse parties. See: Rules 6(b), (d), Federal Rules of Civil Procedure; and North Umberland Mining Company v. Standard Accident Insurance Company, 9 Cir., 193 F.2d 951. The trial court's ex part order extending the time for appeal was therefore void ab initio, and Appellant's subsequent notice of appeal was untimely and insufficient to vest this Court with jurisdiction of the appeal. Cf. Sutherland v. Fitzgerald, 10 Cir., 291 F.2d 846.

Accordingly, the appeal is dismissed.