**Theodore WAY, Appellant,**

v.

**R. J. GAFFNEY, Warden, Kansas State Penitentiary, Lansing, Kansas, Appellee.**

**No. 319–70.**

United States Court of Appeals, Tenth Circuit.

Nov. 12, 1970.

Rehearing Denied Jan. 20, 1971.

Kent Frizzell, Atty. Gen., and Edward G. Collister, Jr., Asst. Atty. Gen., for appellee.

Theodore Way, pro se.

Before LEWIS, Chief Judge, PICKETT, Circuit Judge, and KERR, District Judge.

PER CURIAM.

This state prisoner habeas case is once again before us. In his petition,

filed in April, 1969, Way alleged that his appeal to the Kansas Supreme Court from a 1967 conviction and sentence had not been docketed, although eighteen (18) months had passed since the notice of appeal. In Way v. Crouse, 421 F.2d 145 (10th Cir. 1970), we held that the district court should not have dismissed the petition without inquiring into the facts and circumstances underlying the alleged delay, although we noted that the cause might well be mooted by the decision of the state supreme court, rendered December 6, 1969, affirming Way's conviction.

Upon remand, and by order entered March 31, 1970, the district court found the question of delay to have been mooted, and again dismissed the petition. Way's notice of appeal, dated April 30, was received by the district court on May 7, accompanied by a motion for an extension of time in which to appeal, dated May 5. He recited in some detail his unavailing efforts to have his papers forwarded through prison mailing channels within the prescribed time. By order entered May 8, the district court found that "petitioner makes a sufficient showing of excusable neglect accounting for the delay in filing his notice of appeal," and extended the time therefor to May 7, the date of its receipt.

Where a motion for an extension of time in which to appeal is not made within the initial thirty (30) days allowed by Rule 4(a), F.R.App.P., the trial court is without power to act without giving notice to all adverse parties. Cohen v. Plateau Natural Gas Co., 303 F.2d 273 (10th Cir. 1962), cert. denied, 371 U.S. 825, 83 S.Ct. 45, 9 L.Ed.2d 64; Plant Economy, Inc. v. Mirror Insulation Co., 308 F.2d 275 (3d Cir. 1962); Northumberland Mining Co. v. Standard Accident Insurance Co., 193 F.2d 951 (9th Cir. 1952); notes of the Advisory Committee on Rule 4(a), F.R.App.P. Accordingly, as in *Cohen*, supra, "[t]he trial court's ex part order extending the time for appeal was therefore void ab initio, and appellant's subsequent notice of appeal was untimely and insufficient to vest this Court with jurisdiction of the appeal." 303 F.2d at 274. This disposition does not, of course, limit the power of a district court to extend the time for appeal on the ground of excusable neglect after expiration of the time prescribed by Rule 4(a), F.R.App.P., so long as all parties are given notice of the motion and such opportunity to be heard as the court may deem appropriate.

Way was notified that the court was considering summary affirmance, and thereafter advised that the court was considering dismissal of the appeal for lack of a timely notice and hence, for lack of jurisdiction. He has taken the opportunity afforded him to file a memorandum opposing either such disposition. Appellee has filed memoranda opposing summary dismissal, and supporting affirmance. Upon consideration of these pleadings, and the files and record in this cause, it is clear, under the cited authorities, that the question of jurisdiction is so unsubstantial as not to require further argument.

Accordingly, the appeal is dismissed on the court's own motion, pursuant to Rule 8 of the Revised Rules of this Court, effective January 1, 1970.