**UNITED STATES of America,**
**Appellee,**

**v.**

**Glenn J. JUNE, Appellant.**

**No. 74–1470.**

United States Court of Appeals,
Eighth Circuit.

Submitted Sept. 10, 1974.

Decided Sept. 27, 1974.

McArthur & Lofton, Little Rock, Ark., for appellant.

W. H. Dillahunty, U. S. Atty., and O. H. Storey, III, Asst. U. S. Atty., Little Rock, Ark., for appellee.

Before VAN OOSTERHOUT, Senior Circuit Judge, and HEANEY and STEPHENSON, Circuit Judges.

VAN OOSTERHOUT, Senior Circuit Judge.

Defendant Glenn J. June, after entering a plea of not guilty to two counts of an indictment charging violation of 42 U.S.C. § 2703(a) and after having filed written waiver of jury trial, was tried to the court and found guilty on both counts. Final judgment of conviction on such counts and imposing sentence, dated April 3, 1974, was filed on April 11, 1974. The threshold issue presented is whether this court has jurisdiction over the attempted appeal. More specifically, the issue is whether a timely notice of appeal has been filed which confers jurisdiction upon this court.

■ The only notice of appeal disclosed by the record is one filed on June 10, 1974, stating the appeal is "from the final judgment and sentence entered in this action on the 4th day of June, 1974." An examination of the briefs and record created a serious doubt whether this court acquired jurisdiction. An order was entered on August 21, 1974, requiring defendant June to show cause why the appeal should not be dismissed by reason of failure to file timely notice of appeal in conformity with Rule 4(b), FRAP. Such notice was served on defendant and response thereto was filed. We hold that the notice of appeal from conviction was not timely filed and that the appeal should be dismissed for want of jurisdiction.

"The courts have uniformly held that the taking of an appeal within the prescribed time is mandatory and jurisdictional." United States v. Robinson, 361 U.S. 220, 229, 80 S.Ct. 282, 288, 4 L.Ed. 2d 259 (1960); see Temple v. United States, 386 U.S. 961, 87 S.Ct. 1024, 18 L.Ed.2d 110 (1967); Berman v. United States, 378 U.S. 530, 84 S.Ct. 1895, 12 L.Ed.2d 1012 (1964); United States v. Wade, 467 F.2d 1226, 1228 (8th Cir. 1972).

The time for taking a criminal appeal is governed by Rule 4(b) of the Federal Rules of Appellate Procedure which provides in pertinent part:

In a criminal case the notice of appeal by a defendant shall be filed in the district court within 10 days after the entry of the judgment or order appealed from.

\*    \*    \*    \*    \*    \*

If a timely motion in arrest of judgment or for a new trial \* \* \* has been made, an appeal from a judgment of conviction may be taken within 10 days after the entry of an order denying the motion.

\*    \*    \*    \*    \*    \*

A judgment or order is entered within the meaning of this subdivision when it is entered in the criminal docket. Upon a showing of excusable neglect the district court may, before or after the time has expired, with or without motion and notice, extend the time for filing a notice of appeal for a period not to exceed 30 days from the expiration of the time otherwise prescribed by this subdivision.

■ It readily appears from the reading of the rule that after the expi-

ration of forty days from the entry of a final judgment there is nothing either the trial court or the court of appeals can do to extend the time for filing notice of appeal.

In our present case, it is clear that the final judgment was entered no later than April 11, 1974. The notice of appeal was filed on June 10, 1974, more than forty days after the entry of the judgment.

Defendant's presently employed counsel was retained subsequent to the trial resulting in the conviction, apparently for the purpose of advising defendant with respect to an appeal. It seems quite clear from the record that the defendant was advised both by the court and counsel with respect to his right of appeal. Defendant in response to the show cause order stated that he was reluctant to incur the cost of an appeal. He had moved from Arkansas to Michigan and desired to work out an arrangement whereby he could serve his sentence in a Michigan jail with provision for work release during working hours. A motion was filed on May 2, 1974, for modification of sentence. Such motion was discussed with the court and the prosecuting attorney. No agreement was reached, a hearing was held on the motion on June 4, 1974, and an order was entered denying the motion.

An appeal lies from the order refusing to modify the sentence (the June 4, order). However, defendant in his brief makes no attack upon the order refusing to modify the sentence, and as heretofore stated, the appeal is directed to the judgment of conviction. The date of the judgment of conviction is erroneously stated to be June 4, 1974, in the notice of appeal.

■ Defendant's position appears to be that the filing of the motion to modify sentence extends the time for appeal. Such contention is not supported by authority. Rule 4(b), *supra*, provides that a timely motion in arrest of judgment or for a new trial extends the time of appeal from conviction to ten days after

the ruling on the motion. No motion in arrest of judgment or for a new trial was made. No provision is made by the rule or otherwise for the extension of time of appeal by reason of the filing of a motion to modify the sentence. *Cf.* United States v. Quon, 241 F.2d 161, 163 (2d Cir. 1957); 9 Moore's Federal Practice ¶ 204.18.

It is apparent from the trial court's letter attached to defendant's response that the trial court was of the view that defendant should be entitled to ten days from the June 4 order denying his motion to modify sentence to appeal from the conviction. However, for the reasons heretofore pointed out, the trial court had no jurisdiction to extend the right of appeal beyond the forty days from the date of the final judgment. The June 4, 1974, order denying modification of sentence in connection with which the trial court expressed the view that June should have ten days from June 4 to appeal from his conviction was made more than forty days after the judgment of conviction. Defendant could not have been misled to his prejudice by any statement made by the court with respect to his right of appeal after the right of appeal had theretofore been terminated by lapse of time.

■ Defendant's contention that we cannot consider our jurisdiction to entertain this appeal because the Government has failed to comply with the provision of local Rule 9, that motions to dismiss on jurisdictional grounds must be filed within fifteen days after the appeal has been docketed, lacks merit. The rule further provides that this court can waive timely filing of the motion for good cause or on its own motion. Additionally, subdivision (a) of Rule 9 expressly provides for the dismissal of appeals for want of jurisdiction by the court on its own motion. Moreover, it is well-settled law that a court of appeals has only such jurisdiction as conferred upon it by law and that it is the duty of the court of appeals to examine and determine its jurisdiction, whether or not

the jurisdictional issue is raised by the parties. Stewart v. Bishop, 403 F.2d 674, 677 (8th Cir. 1968).

The appeal is dismissed for want of jurisdiction by reason of June's failure to file a timely notice of appeal.[1]

---

1. The sole issue raised upon defendant's belated appeal is that the evidence is insufficient to support the conviction. We have carefully examined the entire record and state that if the appeal were properly before us on the merits, we would determine that the judgment of conviction is supported by substantial evidence and affirm the conviction. This statement is made in the hope that it will discourage any further non-meritorious attempts to attack the conviction.