MERRILL LYNCH, PIERCE, FENNER & SMITH, INC., Appellant,

v.

Larry O. KURTENBACH, Appellee.

No. 75–1002.

United States Court of Appeals, Eighth Circuit.

Submitted Sept. 8, 1975.

Decided Nov. 10, 1975.

Rehearing and Rehearing En Banc Denied Dec. 30, 1975.

Eugene Davis, Davis, Cross, Scott & Grace, Des Moines, Iowa, for appellant.

Sherry J. Raduenz, Decorah, Iowa, for appellee.

Before VAN OOSTERHOUT, Senior Circuit Judge, and BRIGHT and ROSS, Circuit Judges.

VAN OOSTERHOUT, Senior Circuit Judge.

Merrill Lynch, Pierce, Fenner & Smith, Inc., a commodities broker, brought this diversity action to recover balances allegedly due under a commodity account agreement. The trial court entered judgment for plaintiff in the amount of $8,158.75 which represents only a portion of the $14,781.25 allegedly due. Merrill Lynch seeks to appeal such final judgment. We dismiss the appeal for want of subject matter jurisdiction by reason of plaintiff's failure to file a timely notice of appeal.

Final judgment denying in part plaintiff's claim for relief was entered by Judge McManus on September 30, 1974. On October 11, 1974, plaintiff filed, pursuant to Rule 59(e), Fed.R.Civ.P., a "Motion to Correct Findings of Fact and Conclusions of Law and to Amend Judgment."[1] Such motion was denied by the court by an Order entered November 6, 1974. Plaintiff's notice of appeal was filed December 9, 1974.

---

1. Plaintiff's motion under Rule 59(e), Fed.R. Civ.P., was served within the 10-day time period provided for in that Rule and was thus timely.

The jurisdictional issue was not raised by either party in the briefs. "[I]t is well-settled law that a court of appeals has only such jurisdiction as conferred upon it by law and that it is the duty of the court of appeals to examine and determine its jurisdiction, whether or not the jurisdictional issue is raised by the parties." *United States v. June,* 503 F.2d 442, 444–45 (8th Cir. 1974).

In a civil case where the United States or an officer or agency thereof is not a party, a party must file its notice of appeal with the clerk of the district court within 30 days of the date of the entry of the judgment or order appealed from. Rule 4(a), Fed.R.App.P. Such timely filing is a jurisdictional prerequisite for subject matter appellate jurisdiction in the courts of appeal. *United States v. Robinson,* 361 U.S. 220, 229, 80 S.Ct. 282, 4 L.Ed.2d 259 (1960); *United States v. June,* 503 F.2d 442, 443 (8th Cir. 1974). A timely motion under Rule 59(e) to alter or amend judgment tolls the time for filing a notice of appeal and the full time for appeal begins anew upon entry of an order entered pursuant to such motion. Rule 4(a), Fed. R.App.P. In this case the October 11 motion to amend judgment terminated the running of the 30-day appeal period until an order on the motion was entered on November 6, 1974, at which time the full 30-day period began to run again. Plaintiff's notice of appeal, filed December 9, 1974, was not timely because it was filed more than 30 days after the November 6th order was entered.

Plaintiff's notice of appeal was three days out of time. It is suggested that application of Rule 6(e), Fed.R. Civ.P., which provides for a three day extension to limitations periods under the Federal Rules of Civil Procedure when service is made by mail, would make plaintiff's notice of appeal timely.

However, Rule 6(e) has no application when computing time for a notice of appeal. The time for appeal starts to run from *entry of judgment.* Rule 6(e) only applies to enlarge periods of time in which a party has to act after *service of a notice* by mail. 2 J. Moore, Federal Practice, ¶ 6.12 (2d ed. 1975); *see Whipp v. Weinberger,* 505 F.2d 800, 801 (6th Cir. 1974); *cf. Goff v. Pfau,* 418 F.2d 649, 654 (8th Cir. 1969).

Under 4(a), Fed.R.App.P., an appealing party may have an additional 30 days in which to file a notice of appeal "[u]pon a showing of excusable neglect . . . ." Plaintiff's notice of appeal falls within this additional 30 day period. A comparable rule is found in Rule 4(b),[2] Fed.R.App.P., for appeals in criminal cases. In criminal cases in which the district court has filed a notice of appeal falling within the 30 day period of excusable neglect, our circuit has construed the action of the district court as an implied grant of additional time in which to take an appeal on the grounds of excusable neglect. *United States v. Williams,* 508 F.2d 410 (8th Cir. 1974). We are faced with the question of whether a similar rule should be applied to Rule 4(a). We hold that the difference in wording between the 4(a) and 4(b) excusable neglect provisions dictates a different rule in civil cases. Rule 4(a) provides in pertinent part:

Upon a showing of excusable neglect, the district court may extend the time for filing the notice of appeal by any party for a period not to exceed 30 days from the expiration of the time otherwise prescribed by this subdivision. Such an extension may be granted before or after the time otherwise prescribed by this subdivision has expired; but if a request for an extension is made after such time has expired, *it shall be made by motion* with

---

2. Rule 4(b), Fed.R.App.P., provides in pertinent part:

. . . Upon a showing of excusable neglect the [district] court may, before or after the time has expired, with or without motion

and notice, extend the time for filing a notice of appeal for a period of not to exceed 30 days from the expiration of the time otherwise prescribed by this subdivision.

such notice as the court shall deem appropriate. (Emphasis added).

The record on appeal does not show that plaintiff, by motion or otherwise, made a showing of excusable neglect prior to the expiration of the initial 30-day period for filing notice of appeal. The emphasized provision in Rule 4(a), *supra,* clearly indicates that after the initial 30-day period for appeal has expired, a request for an extension under Rule 4(a) *must* be made by motion. *Files v. Rockford,* 440 F.2d 811, 816 (7th Cir. 1971); *Way v. Gaffney,* 434 F.2d 996, 997 (10th Cir. 1970); 9 J. Moore, Federal Practice ¶ 204.13[3] (2d ed. 1975). The record does not reflect that any such motion was filed with the district court within the extended 60 day period.[3] Accordingly, we lack subject matter jurisdiction to consider the merits of this appeal.

■ The power to extend the time for appeals is vested solely in the district court, and the court of appeals may not enlarge the time for filing a notice of appeal. Fed.R.App.P. Rule 26(b). Although plaintiff's notice of appeal was filed within the enlarged 60-day period, no determination of excusable neglect was moved for as required by Rule 4(a), or made by the district court within the 60-day period. The question is whether the district court has the power to sanction the late filing of the notice of appeal within the second 30-day period in the event a Rule 4(a) motion is made *after* the 60-day absolute period for filing any notice of appeal has expired. While notice of appeal was filed December 9, 1974, no application for extension of time for filing notice of appeal or showing of excusable neglect was filed with the district court until January 16, 1975. This was more than 60 days after the judgment from which this appeal is attempted had been entered.

In *Way v. Gaffney,* 434 F.2d 996, 997 (10th Cir. 1970), the court said:

Where a motion for an extension of time in which to appeal is not made within the initial thirty (30) days allowed by Rule 4(a), F.R.App.P., the trial court is without power to act without giving notice to all adverse parties. *Cohen v. Plateau Natural Gas Co.,* 303 F.2d 273 (10th Cir. 1962), cert. denied, 371 U.S. 825, 83 S.Ct. 45, 9 L.Ed.2d 64; *Plant Economy, Inc. v. Mirror Insulation Co.,* 308 F.2d 275 (3d Cir. 1962); *Northumberland Mining Co. v. Standard Accident Insurance Co.,* 193 F.2d 951 (9th Cir. 1952); notes of the Advisory Committee on Rule 4(a), F.R.App.P. Accordingly, as in *Cohen,* supra, "[t]he trial court's ex part[e] order extending the time for appeal was therefore void ab initio, and the appellant's subsequent notice of appeal was untimely and insufficient to vest this Court with jurisdiction of the appeal." 303 F.2d at 274. *See United States v. June,* 503 F.2d 442 (8th Cir. 1974).

Plaintiff made no attempt to comply with the notice and excusable neglect provisions of Rule 4(a) until after a motion was filed to dismiss the appeal in this court for want of jurisdiction. Rule 4(a) places the burden on an appellant to comply with the excusable neglect and notice provisions of the Rule. Plaintiff's failure to do so has caused the parties needless delay and expense in briefing on appeal. No excuse is shown for failure to comply with the provisions of the Rule prior to attempting this appeal. To permit a delayed hearing on the excusable neglect issue upon the record in this case would not permit orderly and efficient administration of justice by the courts.

We hold that we are without jurisdiction to consider this appeal by reason of plaintiff's failure to comply with the requirements of Rule 4(a), Fed.R.App.P.

The appeal is dismissed for want of jurisdiction.

---

**3.** On January 16, 1975, some 10 days after the absolute 60-day period had run, plaintiff moved in the district court under Rule 4(a) for an extension of time for filing its notice of appeal.

## ORDER

On petition for rehearing, appellant suggests that in the interests of justice we should remand this case to the district court to permit that court to consider entering an order *nunc pro tunc* extending the time for appeal under F.R. A.P. 4(a). Other circuits have followed this procedure to avoid injustice in cases where the notice of appeal was filed prior to 60 days after the entry of the final appealable order. *Stirling v. Chemical Bank*, 511 F.2d 1030, 1032 (2d Cir. 1975) (*per curiam*); *Torockio v. Chamberlain Mfg. Co.*, 456 F.2d 1084, 1087 (3d Cir. 1972) (*en banc*).

■ Assuming, arguendo, that we possess such discretionary power, we decline to exercise that discretion in this case. The merits have been fully briefed and argued and we are satisfied that appellant could not prevail if the jurisdictional defect were cured. Thus to remand this case to the district court for an order which might serve as a basis to invoke our appellate jurisdiction would serve no useful purpose.

Here, Merrill Lynch, plaintiff below, sued Kurtenbach for the balance of an indebtedness allegedly due on Kurtenbach's commodity trading account. The case turned upon the factual question of whether Kurtenbach had cancelled an open stop order to Merrill Lynch.[1]

The trial court heard the evidence, weighed the credibility of the witnesses, and found that Merrill Lynch failed to establish that Kurtenbach had cancelled the stop order.

Merrill Lynch does not deny that the open stop order was placed on January 11. The trial court, after hearing the evidence and weighing the credibility of the witnesses, found that Merrill Lynch failed to establish that the stop order was cancelled. The court also considered the other items of account and fixed Kurtenbach's total liability at $8,158.75. We have reviewed the record in light of the parties' contentions and have concluded that if we had jurisdiction to reach the merits we could not say that the trial court's findings were clearly erroneous.

Therefore, we decline to exercise any prerogative we may have to remand this case to the district court for consideration of a motion to extend the time for appeal. The petition for rehearing is denied.

1. Kurtenbach was dealing in soybean futures. He had an account with Merrill Lynch that permitted him, in effect, to buy and sell on credit. On January 11, 1975, he sold 10,000 bushels at $4.39 per bushel, promising delivery in March. His expectation was that in March the price would be substantially lower than $4.39 and that he could fulfill his commitment with these cheaper bushels, thus making a profit. Of course, if prices rose, he would still have to deliver and would lose money.

To limit his possible losses, he placed an open stop order directing Merrill Lynch to purchase 10,000 bushels as soon as possible after the market price reached $4.43. This would hold his maximum loss to about $.03 per bushel. An "open" order remains in effect until cancelled or executed.

On the following morning, January 12, Kurtenbach placed an order to buy if the market fell as low as $4.31, thus producing a profit of $.08 per bushel. Later that afternoon he cancelled the $4.31 order and directed a purchase if the price fell to $4.33. Merrill Lynch maintains that in the course of the transaction Kurtenbach cancelled his open stop order to buy at $4.43. Kurtenbach denies this.

After placing the order Kurtenbach went out of town and did not communicate with Merrill Lynch for some time. During this period soybean prices rose sharply. Merrill Lynch did not execute the stop order because they believed it had been cancelled.

When Kurtenbach returned and learned that the stop order had not been executed he disavowed responsibility for all losses greater than he would have incurred had his order been followed. Merrill Lynch then was forced to purchase 10,000 bushels at the then market price of approximately $5.35, thus incurring a substantial loss.