John ODA, Plaintiff-Appellant,

v.

TRANSCON LINES CORPORATION, Defendant-Appellee.

No. 80–2341.

United States Court of Appeals, Tenth Circuit.

Submitted March 25, 1981.

Decided June 4, 1981.

Sylvia Marks-Barnett, Oklahoma City, Okl., for plaintiff-appellant.

Edward E. Soule, Oklahoma City, Okl. (Lytle, Soule, Curlee, Harrington, Chandler & Van Dyke, Oklahoma City, Okl., of counsel), for defendant-appellee.

Before BARRETT, McKAY and LOGAN, Circuit Judges.

PER CURIAM.

After examining the briefs and the appellate record, this three-judge panel has determined unanimously that oral argument would not be of material assistance in the determination of this appeal. *See* Fed.R. App.P. 34(a); Tenth Circuit R. 10(e). The cause is therefore ordered submitted without oral argument.

On October 29, 1980, the district court entered final judgment in favor of appellee.

On either December 2, 1980, or December 16, 1980,[1] appellant filed a motion to proceed on appeal in forma pauperis, a motion to extend time for filing notice of appeal, and a notice of appeal. Apparently under the mistaken assumption that the court clerk would send notice of the motions to appellee, appellant's attorney left copies of the pleadings with the clerk for service.

On December 16 the district court, finding excusable neglect warranting an extension of time, granted the motion to extend time *ex parte*. On December 17 the clerk informed appellant's attorney that the motion to extend time had been granted and requested that the attorney pick up the pleadings. Thereafter, the attorney mailed copies to appellee's attorney, not knowing whether the clerk had done so. Appellee waited until the period for requesting an extension of time expired and then moved to dismiss the appeal for lack of prior notice of appellee's motion to extend time.

Fed.R.App.P. 4(a)(5) provides:

> The district court, upon a showing of excusable neglect or good cause, may extend the time for filing a notice of appeal upon motion filed not later than 30 days after the expiration of the [original thirty-day period] prescribed by this Rule 4(a). Any such motion which is filed before expiration of the prescribed time may be *ex parte* unless the court otherwise requires. Notice of any such motion which is filed after expiration of the prescribed time shall be given to the other parties in accordance with local rules. No such extension shall exceed 30 days past such prescribed time or 10 days from the date of entry of the order granting the motion, whichever occurs later.

■ Since appellant filed the motion after the original thirty-day period prescribed by Fed.R.App.P. 4(a)(1), the district court was without jurisdiction to grant the motion *ex parte*. Fed.R.App.P. 4(a)(5). Therefore, the court's order granting the motion was void *ab initio*. *Way v. Gaffney*, 434 F.2d 996, 997 (10th Cir. 1970); *Cohen v. Plateau Natural Gas Co.*, 303 F.2d 273, 274 (10th Cir.) (decided under Fed.R.Civ.P. 73(a)), *cert. denied*, 371 U.S. 825, 83 S.Ct. 45, 9 L.Ed.2d 64 (1962).

■ The district court has jurisdiction to rule on a motion filed within the Fed.R.App.P. 4(a)(5) thirty-day grace period only *after* the motion has been filed and notice of the motion has been given to the other party. The motion was filed on December 2 or December 16. Appellant apparently mailed a copy of the motion to appellee's attorney after the motion was granted but presumably *within* the thirty-day grace period. If the motion was made and notice of it was given within the thirty-day grace period (*i. e.*, between November 28, 1980, and the end of December 29, 1980[2]), jurisdiction over the motion vested in the district court. The court's December 16 order, being a nullity, did *not* divest the court of jurisdiction or in any other way alter the status quo.

■ The district court's jurisdiction over the motion continues until it enters a valid order on the motion. Fed.R.App.P. 4(a)(5) does not require the district court to rule on the motion before the end of the thirty-day grace period. 9 *Moore's Federal Practice* ¶ 204.13[2] (2d ed. 1980). Thus, if the motion was made and notice of it was given within the thirty-day grace period, the district court still has jurisdiction over the motion and may still rule on the motion, either granting or denying an extension of time for filing notice of appeal.[3]

---

1. Appellant attests by affidavit that these motions and the notice of appeal were delivered to the clerk on December 2, 1980. The docket sheet shows that the motion to extend time and the notice of appeal were filed on December 16, 1980. This discrepancy makes no difference for purposes of our analysis.

2. Since December 28, 1980 was a Sunday, the time period ran until the end of December 29, 1980. Fed.R.Civ.P. 6.

3. Since no valid order based on a finding of excusable neglect is before us, we express no opinion whether appellant's motion makes a sufficient showing of excusable neglect to warrant an extension of time for filing notice of appeal.

In *Way v. Gaffney,* 434 F.2d 996 (10th Cir. 1970), and *Cohen v. Plateau Natural Gas Co.,* 303 F.2d 273 (10th Cir.), *cert. denied,* 371 U.S. 825, 83 S.Ct. 45, 9 L.Ed.2d 64 (1962), we dismissed the appeals because in each case the district court was without jurisdiction to enter an *ex parte* order on the motion to extend time for filing notice of appeal. However, in those cases there is no indication that jurisdiction over the motions *ever* vested in the district court during the thirty-day grace period. The opinions include no record that proper notice of the motion was ever served within the thirty-day period. By contrast, in this case it appears that jurisdiction vested in the district court upon motion and notice within the thirty-day grace period.

One critical factual issue is not totally clear in the record however, *i. e.,* whether notice of the *motion to extend time* (and not merely notice of the motion to proceed in forma pauperis, and not merely notice of the *order* to extend time) was served on appellee's attorney within the thirty-day grace period. Therefore, if the district court finds that *notice of the motion to extend time* was served on appellee's attorney before the Fed.R.App.P. 4(a)(5) thirty-day grace period expired (*i. e.,* before the end of December 29, 1980), the district court has jurisdiction to rule on the motion after affording appellee a reasonable opportunity to respond to it.[4] On the other hand, if notice of the motion was not served before the end of that period, the district court has no jurisdiction to grant an order extending time for filing notice of appeal, and notice of appeal was not and cannot be timely filed so as to vest jurisdiction in this court.

Unless and until the district court enters a valid order extending the time to file notice of appeal, this court has no jurisdiction over this appeal. Therefore, this appeal is dismissed for lack of jurisdiction.

4. If, after considering the motion and appellee's response to that motion, the district court determines that excusable neglect or good cause warrants an extension of time, the district court may grant an extension not exceeding 10 days from the date of its order granting the motion. *See* Fed.R.App.P. 4(a)(5). Appellant must file a new notice of appeal within that period.