NIES, Chief Judge.
 

 Terry L. Bealey, a/k/a Terry A. Antonel-li, a/k/a Tony Anthony Antonelli (Bealey) appeals from the grant of summary judgment by the United States Court of International Trade, No. 86-03-00348 (September 17, 1990),
 
 [1]
 
 (1) awarding the United States liquidated damages plus pre- and post-judgment interest for Bealey’s breach of an immediate delivery and consumption entry bond, and (2) holding Bealey liable to his surety, Insurance Company of North America (ICNA), for indemnification. Because Bealey’s notice of appeal was filed more than 60 days after the Court of International Trade entered judgment, we dismiss his appeal as untimely filed.
 

 I.
 

 On October 12, 1978, Bealey, as principal, and ICNA, as surety, executed an immediate delivery and consumption entry bond, under which Bealey and ICNA jointly and severally agreed that Bealey would deliver to the United States Customs Service (Customs) all documents required by law or regulation for the entry of various merchandise into the United States. On November 27, 1978, Bealey signed an entry document and posted a consumption entry bond with Customs as importer of record for a Lancia automobile. Bealey executed forms stating that he would provide Customs with written releases from the Environmental Protection Agency and the Department of Transportation within 90 days and 180 days, respectively, of the vehicle’s importation.' When Bealey did not provide the releases, Customs issued a demand for Bealey to redeliver the automobile. After Bealey failed to comply with the redelivery demand, Customs demanded that he pay liquidated damages equal to ■ the entered value of the automobile. Neither Bealey nor his surety, ICNA, paid the liquidated damages or protested the demand. On March 18, 1986, the United States brought suit against Bealey and ICNA seeking liquidated damages plus interest. On May 12, 1986, ICNA filed a cross-claim for indemnification against Bealey.
 

 
 *698
 
 Both the government and ICNA presented the Court of International Trade with motions for summary judgment — the government seeking liquidated damages plus interest and ICNA seeking indemnification from Bealey. As a defense against summary judgment, Bealey asserted that he never intended to become the importer of record for the automobile. On September 17, 1990, the Court of International Trade entered an order granting both motions for summary judgment (the original order). ICNA subsequently filed an application for modification of the original order to include the actual dollar amounts of the awards against Bealey. On July 30, 1991, the Court of International Trade modified the September 17, 1990, order, specifying (1) the dollar amount awarded to the United States against Bealey and ICNA, jointly and severally, and (2) the dollar amount of the indemnification awarded to ICNA. ICNA once again filed an application for modification. This application requested modification of the July 30, 1991, order to include other names used by Bealey,
 
 i.e.,
 
 Terry A. Antonelli, and Tony Anthony An-tonelli. On October 4, 1991, the Court of International Trade granted ICNA’s application and again modified the previous order, this time to include Bealey’s other names. Bealey filed a notice of appeal with the Court of International Trade on November 2, 1991.
 

 II.
 

 The government requests that we dismiss Bealey’s appeal to this court as untimely. Relevant to the present case, a decision by the Court of International Trade, is final
 

 unless .. .• an appeal is taken to the Court of Appeals for the Federal Circuit by filing a notice of appeal with the clerk of the Court of International Trade within the time and in the manner prescribed for appeals to United States courts of appeals from the United States district courts.
 

 28 U.S.C. § 2645(c) (1988). The time limit for an appeal to the courts of appeals is 60 days from the entry of judgment in any suit in which the United States is a party. 28 U.S.C. § 2107 (1988). Thus, to be timely, Bealey’s notice of appeal must have been filed with the Court of International Trade within 60 days of the entry of judgment.
 

 Bealey lost on the merits on September 17, 1990, and did not file a notice of appeal within 60 days. The original order remained unaltered for over ten months until July 30, 1991, when it was amended upon ICNA’s application to include the exact dollar amounts of the awards. Bealey did not file a notice of appeal within 60 days of that modification. The modified order then remained unaltered until October 4, 1991, when it was amended, again upon ICNA’.s application, to include Bealey’s pseudonyms.
 
 [2]
 
 Per Bealey, this second modification was made pursuant Fed.R.Civ.P. 60(b),
 
 [3]
 
 thus resetting the time period for appealing the judgment.
 
 See Browder v. Director, Dep’t of Corrections,
 
 434 U.S. 257, 272, 98 S.Ct. 556, 565, 54 L.Ed.2d 521 (1978) (Blackmun, J., concurring). Bealey further argues that the second modification substantially affected his rights, in that he could not have known that the original order, or for that matter the first modified order, affected him in his capacity as Terry A. Antonelli, a/k/a Tony Anthony Antonel-li. Bealey asserts that the time for appealing the judgment began running on the date the second modified order was entered and thus, his appeal was timely filed. We disagree.
 

 In
 
 Federal Trade Commission v. Minneapolis-Honeywell Regulator Co.,
 
 344 U.S. 206, 73 S.Ct. 245, 97 L.Ed. 245 (1952), the United States Supreme Court addressed
 
 *699
 
 the effect of the modification of a judgment by a lower court upon the time for filing a petition for certiorari or for filing an appeal. In
 
 Minneapolis-Honeywell,
 
 the petitioner argued that the time for petitioning for certiorari began running anew after the circuit court altered the original judgment. The Supreme Court held that, because the circuit court’s alterations in the judgment did not affect the merits of the original decision, the time period began running on the date of the original judgment and did not restart upon modification of the judgment. Thus, the petition for certiorari in that case was untimely filed. The Court stated:
 

 [T]he mere fact that a judgment previously entered has been reentered or revised in an immaterial way does not toll the time within which review must be sought. Only when the lower court changes matters of substance, or resolves a genuine ambiguity, in a judgment previously rendered should the period within which an appeal must be taken or a petition for certiorari filed begin to run anew. The test is a practical one. The question is whether the lower court, in its second order, has disturbed or revised legal rights and obligations which, by its prior judgment, had been plainly and properly settled with finality.
 

 Id.
 
 at 211-12, 73 S.Ct. at 248-49 (citations omitted). To determine' whether Bealey’s 60-day limitation period began running anew on October 4, 1991, we apply the practical' test laid out by the Supreme Court and ask whether the trial court’s modification of the order to include Bea-ley’s other names, altered legal rights or obligations which had been plainly and properly settled with finality.
 

 While the Court of International Trade did not specify whether the second modified order was entered pursuant to Rule 60(a) or 60(b), the mere correction of a misnomer clearly falls within the scope of Rule 60(a).
 
 Fluoro Elec. Corp. v. Branford Assocs.,
 
 489 F.2d 320, 326 (2d Cir. 1973). Such an immaterial change in the name of a party may be classified as a
 
 nunc pro tunc
 
 amendment which does not enlarge the time for filing an appeal.
 
 See First Nationwide Bank v. Summer House Joint Venture,
 
 902 F.2d 1197, 1200 (5th Cir. 1990) (corrected spelling of defendant’s name);
 
 Matthies v. Railroad Retirement Bd.,
 
 341 F.2d 243, 246 (8th Cir.1965) (discussing court’s inherent power to enter orders
 
 nunc pro tunc).
 
 Viewing the October 4, 1991, order under
 
 Minneapolis-Honeywell,
 
 the addition of Bealey’s other names did not alter Bealey’s legal rights or obligations under the prior judgment. Indeed, Bealey has offered no explanation respecting how his rights or obligations were affected. The result of the judgment is the same, the rationale supporting the judgment is the same, and the actual parties to the judgment are the same, although one party’s pseudonyms have now been added.
 
 [4]
 
 Moreover, carrying Bealey’s rationale to the extreme, he could revive his appeal period at any time by simply adopting another alias and having the judgment amended to include the new name. Allowing the revival of the statutory appeal period would, under the circumstances of this case, achieve an absurd result inconsistent with the apparent legislative intent behind enacting a time period for limiting appeals to the courts of appeals.
 
 See Haggar Co. v. Helvering,
 
 308 U.S, 389, 394, 60 S.Ct. 337, 339, 84 L.Ed. 340 (1940) (“All statutes must be construed in light of their purpose. A ... reading of them which would lead to absurd results is to be avoided when they can be given a reasonable application consistent with their words and with legislative purpose.”). Because Bealey’s appeal was untimely filed we are without jurisdiction to review the trial court’s judgment on the merits.
 
 Budinich v. Becton Dickinson & Co.,
 
 486 U.S. 196, 203, 108 S.Ct. 1717, 1722, 100 L.Ed.2d 178 (1988).
 

 CONCLUSION
 

 Bealey’s appeal is dismissed as untimely filed.
 

 
 *700
 
 COSTS
 

 Costs awarded to the United States.
 

 DISMISSED.
 

 [1]
 

 . This decision was modified on July 30, 1991, and October 4, 1991, as discussed
 
 infra.
 

 [2]
 

 . As Bealey did not file á notice of appeal within 60 days of either the September 17, 1990, order or the July 30, 1991, order, we need only address the October 4, 1991, modification’s effect on the appeal period.
 

 [3]
 

 . While Bealey discusses the amended orders in terms of Fed.R.Civ.P. 60, we note that the proper focus is on Rule 60 of the Court of International Trade. However, because these rules are substantively identical, cases- addressing Fed. R.Civ.P. 60 are useful in analyzing the issue presented in the present case.
 

 [4]
 

 . Bealey does not challenge the correctness of this modification.