16 F.3d 416
NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 OKLAHOMA CENTRAL CREDIT UNION, Plaintiff-Appellant,
v.
UNITED STATES OF AMERICA, ex rel. National Credit Union
Administration, Defendant-Appellee.
 No. 92-5239.
 United States Court of Appeals, Tenth Circuit.
 Dec. 14, 1993.
 
 1
 Before ANDERSON and EBEL, Circuit Judges, and WINDER,** District Judge.
 
 ORDER AND JUDGMENT[1]
 
 2
 After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of these appeals. See Fed.R.App.P. 34(a); 10th Cir. R. 34.1.9. The cases are therefore ordered submitted without oral argument.
 
 
 3
 Plaintiff Oklahoma Central Credit Union appeals an order of the district court granting defendant's motion to dismiss two of plaintiff's three claims and granting defendant's motion for partial summary judgment on the third claim. We affirm.
 
 
 4
 Initially, we must consider whether we have jurisdiction over this appeal. On June 15, 1992, the district court entered final judgment. Plaintiff thus had until August 14, 1992, to file its notice of appeal. See Fed.R.App.P. 4(a)(1). On July 31, 1992, plaintiff filed a motion to extend the time for filing a notice of appeal. See Rule 4(a)(5). On September 11, 1992, as the thirty-day extension period was about to expire, see id., plaintiff filed a notice of appeal, No. 92-5187, even though the court had not yet ruled on its motion. On December 9, 1992, the district court granted plaintiff's motion and gave plaintiff up to ten days from the date of its order to file its notice of appeal. On December 11, 1992, plaintiff filed appeal No. 92-5239. Both appeals are valid and we have jurisdiction. See Hinton v. City of Elwood, 997 F.2d 774, 778 (10th Cir.1993); Oda v. Transcon Lines Corp., 650 F.2d 231, 233 (10th Cir.1981).
 
 
 5
 Plaintiff, a state-chartered credit union, commenced this action after defendant expanded the membership field of the Communication Federal Credit Union to include employees of the Public Service Company of Oklahoma (PSO) who were already included in plaintiff's membership field. Plaintiff alleged that because defendant permitted this overlap of membership fields, defendant violated the Fifth Amendment by taking plaintiff's property interest in the PSO membership field without due process. Further, defendant thereby breached its fiduciary duty to plaintiff. Plaintiff also alleged that defendant's decision to expand Communication's membership field was arbitrary and capricious and violated defendant's membership policies.
 
 
 6
 In a scholarly and well-reasoned opinion, the district court determined that it had no jurisdiction to hear either plaintiff's taking claim or the related breach of fiduciary duty claim. The district court held that the Tucker Act, 28 U.S.C. 1491(a)(1), vested exclusive jurisdiction in the United States Court of Federal Claims over these two claims for which plaintiff seeks over three million dollars in damages. The district court retained jurisdiction over plaintiff's third claim, that defendant's actions in expanding Communication's field of membership were arbitrary and capricious and violated defendant's own policies, as plaintiff sought equitable relief on this claim.
 
 
 7
 Contrary to plaintiff's assertion, we agree with the district court that the "sue and be sued" clause contained in 12 U.S.C. 1789 is not an "unambiguous indication" that Congress intended to withdraw the United States Court of Federal Claims' exclusive jurisdiction over plaintiff's damages claims. See Preseault v. ICC, 494 U.S. 1, 13 (1990).
 
 
 8
 "The Tucker Act provides jurisdiction in the United States Claims Court for any claim against the Federal Government to recover damages founded on the Constitution, a statute, a regulation, or an express or implied-in-fact contract." Id. at 11-12; see also Williamson County Regional Planning Comm'n v. Hamilton Bank, 473 U.S. 172, 195 (1985)("taking claims against the Federal Government are premature until the property owner has availed itself of the processes provided by the Tucker Act ...."); Blanchette v. Connecticut Gen. Ins. Corps., 419 U.S. 102, 126 (1974)(proper inquiry is "whether Congress has ... withdrawn the Tucker Act grant of jurisdiction to the Court of Claims to hear a suit ... 'founded ... upon the Constitution.' "). The language of 1789 is not specific enough to overcome the Tucker Act considering the Supreme Court's strong directives on this issue.
 
 
 9
 Upon review of the agency's decision, see Aulston v. United States, 915 F.2d 584, 588 (10th Cir.1990), cert. denied, 111 S.Ct.2011 (1991), we further agree with the district court that defendant did not act in an arbitrary or capricious manner in permitting the overlapping fields of membership. Further, permitting the overlapping fields of membership did not violate agency policies.
 
 
 10
 The judgment of the United States District Court for the Northern District of Oklahoma is AFFIRMED for substantially the reasons stated therein.
 
 
 
 **
 Honorable David K. Winder, Chief Judge, United States District Court for the District of Utah, sitting by designation
 
 
 [1]
 This order and judgment has no precedential value and shall not be cited, or used by any court within the Tenth Circuit, except for purposes of establishing the doctrines of the law of the case, res judicata, or collateral estoppel. 10th Cir. R. 36.3