# UNITED STATES COURT OF APPEALS

**Filed 11/13/96**

## TENTH CIRCUIT

---

IN RE:  BLUE MOUNTAIN
INVESTMENTS, LTD.,

    Debtor.

---

BLUE MOUNTAIN INVESTMENTS,
LTD.,

     Plaintiff - Appellant,

v.

WILLIAM G. BONE, SUNRISE
COMPANY, and JOSEPH I. WITTMAN,
Trustee,

    Defendants - Appellees.

Nos. 95-3310, 95-3407
(D.C. No. CIV-93-4205-S)
(District of Kansas)

---

## ORDER AND JUDGMENT[1]

---

Before **SEYMOUR,** Chief Judge, **PORFILIO**, and **HENRY**, Circuit Judges.

---

After examining the briefs and appellate record, this panel has determined

unanimously that oral argument would not materially assist the determination of this

---

[1] This order and judgment is not binding precedent, except under the doctrines of
law of the case, res judicata, and collateral estoppel.  This court generally disfavors the
citation of orders and judgments; nevertheless, an order and judgment may be cited under
the terms and conditions of 10th Cir. R. 36.3.

appeal.  *See* Fed. R. App. P. 34(a); 10th Cir. R. 34.1.9.  The case is therefore ordered submitted without oral argument.

Two jurisdictional issues adumbrate review in these consolidated appeals.  In No. 95-3310, we must determine whether we have jurisdiction to review the merits of the underlying action predicated on the timely filing of a notice of appeal required by Fed. R. App. P. 4(a)(1).  In No. 95-3407, we review whether the district court abused its discretion in denying appellant's motion to extend the time for filing a notice of appeal under Fed. R. App. P. 4(a)(5).  As to the latter appeal, we conclude the district court properly held it lacked jurisdiction under Fed. R. App. P. 4(a)(5), appellant having failed to provide notice to appellees of its motion.  Absent that safe harbor, appellant's initial appeal, filed three days after the thirty-day period specified in Fed. R. App. P. 4(a)(1), is untimely.  We therefore dismiss both appeals for lack of jurisdiction based on the following analysis.

Both jurisdictional issues ostensibly derive from an order of the district court sitting as an appellate court in bankruptcy.  The district court entered the Order *Nunc Pro Tunc* on August 28, 1995, to correct the caption of its memorandum order and separate judgment issued under Fed. R. Civ. P. 58, each dated August 18, 1995.  The court entered this later order upon discovering it had omitted the name of one of the defendants, Sunrise Company, although the caption on its August 18, 1995 judgment in a civil case

read: "William G. Bone, Defendants/Appellants."[2]  Blue Mountain Investments (BMI) filed its notice of appeal to this court on September 21, 1995, within the thirty-day period triggered by the August 28, 1995 order, but three days after the thirty days ran from the August 18, 1995 judgment.

Recognizing the discrepancy, on October 13, 1995, we ordered BMI to demonstrate its September 21, 1995 notice of appeal was timely under Fed. R. App. P. 4(a)(1).  Instead, our question prompted BMI to move in the district court under Fed. R. App. P. 4(a)(5) to enlarge the time to file an appeal.  On October 17, 1995, the same day BMI filed this motion, the district court granted BMI thirty days from September 18, 1995, or until October 18, 1995, in which to file a notice of appeal.

Soon after, defendants and the bankruptcy trustee separately moved in the district court to reconsider its order enlarging BMI's time to file an appeal.  Defendants contended because BMI's 4(a)(5) motion was filed *ex parte* and beyond the initial thirty-day appeal period, BMI was required to give notice to defendants.  BMI did not dispute it had failed to comply with the notice requirement.  Consequently, the district court ruled

---

[2]The Order *Nunc Pro Tunc* read:

> On August 18, 1995, this court entered an order in this matter.  The defendant/appellee Sunrise Company was inadvertently dropped from the caption.  The caption should read as follows:
>     ....
>
>     William G. Bone and Sunrise Company,
>             Defendants/Appellees.

its prior order was void, the two components of 4(a)(5) jurisdiction having been absent, and reversed itself.   On December 11, 1995, BMI appealed the reversal, **No. 95-3407**, and that appeal is now consolidated with **No. 95-3310**, which challenges the merits of the district court's affirmance of the bankruptcy court's order.

## No. 95-3407

We have stated, "It is well-established that an appellate court acquires jurisdiction of an appeal only upon the timely filing of a notice of appeal, and this requirement is mandatory and jurisdictional." *Certain Underwriters at Lloyds of London v. Evans,* 896 F.2d 1255, 1256 (10th Cir. 1990).  Even if we lack jurisdiction in the first appeal, if BMI properly filed its motion to extend the time to file an appeal, we may exercise jurisdiction. *Hinton v. City of Elwood Kan.,* 997 F.2d 774, 778 (10th Cir. 1993).  Thus, we would reverse the district court only if its denial under 4(a)(5) is a clear abuse of discretion. *City of Chanute, Kan. v. Williams Nat'l Gas Co.,* 31 F.3d 1041, 1045 (10th Cir. 1994), *cert. denied*, 115 S.Ct. 1254 (1995).

It was not.  In *Oda v. Transcon Lines Corp.,* 650 F.2d 231, 233 (10th Cir. 1981) (per curiam), we reserved exercising jurisdiction until the district court, on remand, determined whether the notice of the 4(a)(5) motion was served on appellee before the end of the additional thirty-day period provided in the Rule.  Absent that finding, "the district court has no jurisdiction to grant an order extending time for filing notice of

- 4 -

appeal, and notice of appeal was not and cannot be timely filed so as to vest jurisdiction in this court." **Id.** In support, the court cited ***Way v. Gaffney***, 434 F.2d 996, 997 (10th Cir. 1970), and ***Cohen v. Plateau Nat'l Gas Co.***, 303 F.2d 273 (10th Cir.), *cert. denied*, 371 U.S. 825 (1962).

In its motion to enlarge the time in which to file a notice of appeal, BMI listed the various equities militating in its favor: the initial order was not final as to all defendants; it acted in good faith and its filing would not prejudice defendants; the circumstances were beyond its control; and "that although BMI does not verily believe this motion to be essential, it is made based upon excusable neglect to protect a procedural problem and prevent a substantive error." However, before the district court may consider excusable neglect, unique or extraordinary circumstances, it must assure its jurisdiction. Moving for the extension of time and filing notice within the thirty-day grace period vests jurisdiction in the district court. It is only after jurisdiction is vested that the district court may consider appellant's showing of excusable neglect.

Nevertheless, BMI asserts the district court was responsible for the lack of service. In its brief responding to defendants' motions, BMI contends "the district court should have required notice." It explains that after a "telephone conversation with the district judge's staff regarding the necessity of notice," it styled its motion an "Application" and

mailed it without notice to appellees.[3]  BMI received the court's order granting the motion "the very next afternoon by FAX.  Thus, any hope of correcting the mistake of 'no notice' was dashed by the swift attention of the district court,"  BMI states, and the court's quick response mooted the issue.  Analogizing to those cases which permit appellants to correct a defective notice of appeal by simple amendment without losing the right to appeal entirely, BMI asserts, "It seems only fair that when it is the *Court's error* that [the] court creates the mistaken belief and a party relies on the court's correction, that the same standard should apply."  BMI insists its "motion/application" was premised on excusable neglect "directly founded upon the court's omission of an indispensable party," and the court's compounding that error by instructing BMI that notice was unnecessary does it an injustice.  Counsel's argument displays a misconception of the roles of the court and its officers.

We have stated, "[A]n appellant has a duty to familiarize himself with the appellate rules."  **Certain Underwriters**, 896 F.2d at 1258.  Rule 4(a)(5) provides:

> The district court, upon a showing of excusable neglect or good cause, may extend the time for filing a notice of appeal upon motion filed not later than thirty days after the expiration of the time prescribed by this Rule 4(a).  Any such motion which is filed before expiration of the prescribed time may be *ex parte* unless the court otherwise requires.  Notice of any such motion which is filed after expiration of the prescribed time shall be given to the other parties in accordance with local rules.  No such extension shall exceed

---

[3]Obtaining legal advice from "staff" in place of independent research is an activity fraught with peril.

> thirty days past such prescribed time or ten days from the date of entry of the order granting the motion, whichever occurs later.

Fed. R. App. P. 4(a)(5). The Rule requires notice "shall be given to the other parties in accordance with local rules" when the motion is "filed after expiration of the prescribed time." It is undisputed BMI's motion to extend the time to file its notice of appeal did not include a certificate of service, and the district court entered the order without defendants' knowledge the motion had been filed.

While defendants enter the fray insisting BMI failed to follow the Rule and meet the strict standard of excusable neglect, we must refocus the inquiry in this appeal. Before the district court may decide whether appellant's excusable neglect warrants its extending the time in which to file a notice of appeal under Fed. R. App. P. 4(a)(5), it must assure itself of its jurisdiction in the first instance. *Oda*, 650 F.2d at 233. In this case, the court recognized BI had failed to comply with the Rule. Consequently, the district court did not abuse its discretion in denying the motion to enlarge the time to file an appeal, and we affirm its order in No. 95-3407. *See **Alone v. Avenenti,*** 850 F.2d 569, 572 (9th Cir. 1988) (absent notice, district court was without authority to act *ex parte*).

## No. 95-3310

BI links the timeliness of its first notice of appeal to the substance of the Order *Nunc Pro Tunc*, which it characterizes as essential and material to the meaning of the court's August 18, 1995 order. Without that clarification, the first order and Fed. R. Civ.

P. 58 judgment are binding only on William G. Bone, it insists. BI analogizes the absence of the name under these circumstances to the absence of a party's designation in the *Torres* context. *Torres v. Oakland Scavenger Co.*, 487 U.S. 312 (1988). The analogy is inapposite.

BI was three days late in filing its notice of appeal in 95-3310. The August 28 order entered *nunc pro tunc* merely corrected a clerical error in the caption of the district court's prior Rule 58 judgment, which for all purposes ended the litigation on the merits. In no way did it alter the legal rights or obligations of any party or affect the meaning of the prior memorandum order on summary judgment. *See* **Collard v. United States***,* 10 F.3d 718, 719 (10th Cir. 1993); **United States v. Bealey**, 978 F.2d 696, 699 (Fed. Cir. 1992) (immaterial change in name of party may be classified as *nunc pro tunc* amendment which does not enlarge time for filing appeal). Given the caption in the Rule 58 judgment listing "William G. Bone, defendants/appellees," the import of the later order is unmistakably to correct a clerical error. *See* **O'Gilvie v. United States***,* 66 F.3d 1550, 1554 (10th Cir. 1995) (amended judgment clearly replaced original order and did not constitute correction of clerical order), *cert. granted*, 116 S.Ct. 1316 (1996); **Offshore Prod. Contractors, Inc. v. Republic Underwriters Ins. Co.,** 910 F.2d 224, 229 (5th Cir. 1990) ("[t]he mere fact a court reenters a judgment or revises a judgment in an immaterial way does not affect the time within which litigants must pursue an appeal"). To attribute more to the correction elevates form over substance. **Pratt v. Petroleum Prod.**

*Management, Inc. Employee Sav. Plan & Trust,* 920 F.2d 651, 655 (10th Cir. Cir. 1990) ("[m]erely because the judgment is in need of clerical correction does not give us license to disregard it"). Because BI failed to file its notice of appeal within the time limit of Fed. R. App. P. 4(a)(1), we therefore lack jurisdiction.

     **DISMISSED**.

                    ENTERED FOR THE COURT


                    John C. Porfilio
                    Circuit Judge