909 F.2d 139
 17 Fed.R.Serv.3d 1065
 ALLIED STEEL, GENERAL CONTRACTOR; and Frank Solis, Owner,
Plaintiffs-Appellees,
v.
CITY OF ABILENE; Meals on Wheels Plus, Inc.; Betty
Blazier, Executive Director; Ben Hutchinson, Chairman,
Board of Directors; Robert Bailey, Member, Board of
Directors; Michael Morrison, Administrator, Housing and
Community Development Division, City of Abilene; M.R.
Newberry, Architect, Defendants-Appellants.
ALLIED STEEL et al., Plaintiffs-Appellants,
v.
CITY OF ABILENE et al., Defendants-Appellees.
 Nos. 89-1982, 89-1895.
 United States Court of Appeals,
Fifth Circuit.
 Aug. 20, 1990.
 
 Claudia Clinton, First Asst. City Atty., Harvey Cargill, City Atty., Abilene, Tex., for City of Abilene and Morrison.
 Frank Scarborough, Hutchinson, Blazier, Bailey, Glandon, Erwin, Scarborough, Baker & Choate, Abilene, Tex., for Meals on Wheels.
 Charles L. Black, Wagstaff, Alvis, Stubbeman, Seamster & Longacre, Abilene, Tex., for Newberry.
 Michael H. Sussman, Sussman & Sussman, Yonkers, N.Y., for plaintiffs-appellees.
 Appeals from United States District Court for the Northern District of Texas.
 Before REAVLEY, DUHE, and WIENER, Circuit Judges.
 PER CURIAM:
 
 
 1
 Allied Steel (Allied), an Hispanic general contractor in the Abilene area, brought suit in the Northern District of Texas under 42 U.S.C. Secs. 1981, 1983, 1985, 2000d, and 5301 et seq.; the due process and equal protection clauses of the fifth and fourteenth amendments to the United States Constitution; and Tex.Rev.Civ.Stat.Ann. art. 2368a.3, Sec. 5 (now Tex.Loc.Gov't Code Ann. Sec. 271.027 (Vernon, 1988)).[1] The issue was whether, in awarding a construction contract funded in part with Community Development Block Grant Funds which the federal government had allocated to the City of Abilene, the defendants had discriminated against Allied on the basis of national origin. The defendants are Meals on Wheels Plus, Inc. (MOW), a non-profit corporation; Ben Hutchinson, Chairman of its Board of Directors; Betty Blazier, its Executive Director; Robert Bailey, a board member; the City of Abilene; Michael Morrison, Administrator, Housing and Community Development; and M.R. Newberry, an architect.
 
 
 2
 * After trial without a jury, the district court found no evidence that the defendants had discriminated against Allied. The court ordered the action dismissed on its merits, signing the judgment as "entered" on August 7, 1989. The clerk entered the judgment on the docket on August 8, 1989, pursuant to Fed.R.Civ.P. 58 and 79(a). More than thirty days later, on September 22, 1989, Allied filed a motion pursuant to Rule 4(a) of the Federal Rules of Appellate Procedure (FRAP), to extend the time within which to file notice of appeal. Finding that Allied's reasons for failing to file a timely notice of appeal constituted "excusable neglect," the district court granted the motion ex parte that day. Allied filed notice of appeal on September 25th. On September 26th, the clerk docketed the order extending the time in which Allied might file notice of appeal.
 
 
 3
 On September 27th and 29th, the defendants separately filed motions to reconsider Allied's motion to extend time. In their accompanying briefs, the defendants argued that the court had not granted them the opportunity that FRAP 4(a) allows to be heard on the motion. The district court denied those motions, and the defendants filed notice of appeal from the order that had extended the time within which Allied could appeal the district court's judgment of dismissal.
 
 
 4
 The defendants next filed a motion in this court to dismiss for lack of jurisdiction Allied's appeal of the district court's judgment dismissing the action on the merits. Denying that motion on December 15, 1989, a motions panel of this court rejected the defendants' claim that because the district court's granting Allied's motion to extend ex parte without a hearing violated the procedural rules, Allied's motion was void and the appeal should be dismissed as untimely. The panel held that although the district court should have provided the defendants an opportunity to respond before it granted Allied's motion to extend the time in which to file a notice of appeal, that court had, nevertheless, satisfied the objectives of the rules by later considering, within sixty days of judgment, the defendants' arguments in the briefs that accompanied their motions to reconsider. On January 24, 1990, that motion panel denied a motion to reconsider its December order. For purposes of oral argument and decision, this court consolidated Allied's appeal from the district court's judgment and the defendants' appeal from the district court's order granting Allied's motion to extend time in which to file notice of appeal.
 
 
 5
 We hold that the district court erred in finding "excusable neglect," in the absence of which Allied's notice of appeal was untimely. Consequently, this court lacks jurisdiction, and we must dismiss this appeal.
 
 II
 
 6
 Allied argues that the district court correctly found that Allied's failure to file a timely notice of appeal resulted from "excusable neglect." At the start of the thirty-day period within which Allied could appeal as of right, "an urgent business situation" arose which demanded Allied's undivided attention: one of its customers defaulted on a substantial payment. Because of that "business-threatening" circumstance, Allied argues, it neglected to authorize counsel to file a notice of appeal.
 
 
 7
 Allied also argues that it believed in good faith that it had sixty days within which to file its notice of appeal because its office manager had mistakenly construed the rule which the receptionist in Allied's attorney's office had related to her. The office manager gathered that the use of federal funds in MOW's construction project brought the time for filing notice of appeal within the sixty-day period that pertains when the United States is a party.
 
 
 8
 On the basis of those two arguments, the district court found that Allied had shown "excusable neglect."
 
 
 9
 When a party fails to file a notice of appeal within thirty days following the district court's entry of judgment, FRAP 4(a)(5) allows that party to request an extension of time during which to file such notice. The party must file that request not later than thirty days after the initial period allowed for filing notice of appeal expires. A district court which grants such a request may not expand the period for filing notice of appeal beyond the later of thirty days after expiration of the original filing period or ten days after entry of the order granting the request.[2]
 
 
 10
 In this case the district court entered judgment for the City of Abilene on August 8, 1989. Allied had until September 7 to file a notice of appeal as of right. It did not file its motion to extend the time in which to file until September 22, fifteen days after the period had expired during which it could have filed a notice of appeal as of right.
 
 III
 
 11
 We review extensions of time under FRAP 4(a) for abuse of discretion. Chipser v. Kohlmeyer & Co., 600 F.2d 1061, 1063 (5th Cir.1979). We give great deference to the district court's determination of excusable neglect when the appellant applies for an extension during the initial thirty-day period in which the law permits appeal as of right. Harris Truck Lines, Inc. v. Cherry Meat Packers, Inc., 371 U.S. 215, 83 S.Ct. 283, 9 L.Ed.2d 261 (1962). Although we are still deferential towards the district court once that period has expired, our deference need not, however, be as great.
 
 
 12
 The provisions of Rule 4(a) are mandatory and jurisdictional. Torres v. Oakland Scavenger Co., 487 U.S. 312, 108 S.Ct. 2405, 101 L.Ed.2d 285 (1988); Houston v. Lack, 487 U.S. 266, 108 S.Ct. 2379, 101 L.Ed.2d 245 (1988); Browder v. Director, Illinois Dep't of Corrections, 434 U.S. 257, 98 S.Ct. 556, 54 L.Ed.2d 521 (1978); Lusted v. San Antonio Indep. School Dist., 741 F.2d 817, 819 (5th Cir.1984). The "excusable neglect" standard of that rule is intended to be a "strict one." Chipser, 600 F.2d at 1063 (citing Stern, "Changes in the Federal Appellate Rules," 41 F.R.D. 297, 298-99 (1967)). "A strict construction of Rule 4(a)(1) necessarily and logically compels us to erect a high threshold in our determination of 'excusable neglect' under Rule 4(a)(5)." Loosely interpreting " 'excusable neglect' would convert the 30-day period for appeal provided in FRAP 4(a) into a 60-day one--a result clearly not intended by the Rule's framers." Parke-Chapley Constr. v. Cherrington, 865 F.2d 907, 911 (7th Cir.1989) (quoting Judge Friendly, a member of the Advisory Committee that drafted the Federal Rules of Appellate Procedure, in In re O.P.M. Leasing Services, Inc., 769 F.2d 911, 917 (2d Cir.1985)).
 
 
 13
 Failure to file a timely notice of appeal because of a "business-threatening circumstance" does not constitute "excusable neglect."[3] To accept that Allied's "economic crisis," its "extraordinary" circumstance, constituted excusable neglect would be to eviscerate the rule that a party must appeal a judgment or order within thirty days following its entry. Almost any party to any dispute could argue truthfully that unique or extraordinary circumstances had distracted its attention. Cf. Bailey v. Sharp, 782 F.2d 1366, 1371 (7th Cir.1986) (Easterbrook, J., concurring) (Fed.R.Civ.P. 6(b) prohibits district court's extending to eighteen days the ten-day period for serving motion for new trial under Fed.R.Civ.P. 59(b)). District courts would have no principled means of distinguishing among circumstances. Requiring courts constantly to adjudicate claims of extraordinary or unique circumstances would defeat the purpose of the time limitation in Rule 4(a)(1)--to provide a definite point at which, in the absence of a notice of appeal, litigation will cease. Pellegrino v. Marathon Bank, 640 F.2d 696, 698 (5th Cir.1981). Rule 4(a)(5) clearly indicates that potential appellants may not regard the period during which a district court may extend the time for filing a notice of appeal as a further period in which to ponder their options.
 
 
 14
 Furthermore, while its economic crisis may have distracted Allied, it nowhere argues that the crisis similarly distracted its attorney. Indeed, even if it had, such distraction would not render his neglect "excusable." United States v. Bowen, 310 F.2d 45 (5th Cir.1962) ("preoccupation of counsel with other matters does not dispense with the necessity for a compliance with the rules"). Additionally, the fact that a party represented by an attorney misconstrues a rule does not raise such party's error to the level of excusable neglect. Campbell v. Bowlin, 724 F.2d 484, 488 (5th Cir.1984); see also Harlan v. Graybar Elec. Co., 442 F.2d 425, 426 (9th Cir.1971) (counsel's misreading rule to allow sixty not thirty days in which to file notice does not show excusable neglect). Allied had an experienced attorney whom it should have consulted on procedural questions of appeal. Although Allied's relying on a telephone conversation between its office manager and its attorney's receptionist in such an important matter as an appeal deadline was certainly neglect, that neglect cannot approach even the threshold of excusability.
 
 
 15
 In light of the jurisprudence, our analysis leaves this court no choice but to find that the district court abused its discretion in determining that Allied's failure to lodge a timely notice of appeal resulted from excusable neglect. In the absence of excusable neglect, the district court's granting Allied an extension of time within which to file a notice of appeal was reversible error, and Allied's appeal must fail.
 
 
 16
 For the foregoing reasons, this appeal is DISMISSED.
 
 
 
 [1]
 The district court granted the defendants' motion to dismiss the complaint which Allied had alleged under Texas law
 
 
 [2]
 FRAP 4(a)(5) provides: "The district court, upon a showing of excusable neglect or good cause, may extend the time for filing a notice of appeal upon motion filed not later than 30 days after the expiration of the time prescribed by this Rule 4(a). Any such motion which is filed before expiration of the prescribed time may be ex parte unless the court otherwise requires. Notice of any such motion which is filed after expiration of the prescribed time shall be given to the other parties in accordance with local rules. No such extension shall exceed 30 days past such prescribed time or 10 days from the date of entry of the order granting the motion, whichever occurs later."
 
 
 [3]
 Allied based its motion for an extension of time in which to file notice of appeal upon a showing of "excusable neglect and good cause." The district court found excusable neglect. We do not need to consider the more lenient "good cause" standard because Allied did not request an extension before the thirty-day appeal period expired. Parke-Chapley Constr. Co. v. Cherrington, 865 F.2d 907, 909-11 (7th Cir.1989)
 The Committee Notes to FRAP 4(a)(5) provided in relevant part: "[t]he proposed amended rule expands to some extent the standard for the grant of an extension of time. The present rule requires a 'showing of excusable neglect.' While this was an appropriate standard in cases in which the motion is made after the time for filing the notice of appeal has run, and remains so, it has never fit exactly the situation in which the appellant seeks an extension before the expiration of the initial time. In such a case 'good cause,' which is the standard that is applied in the granting of other extensions of time under Rule 26(b)[,] seems to be more appropriate."
 Had Allied applied for an extension during the thirty-day period following entry of judgment, the more lenient "good cause" standard might have accommodated the reasons it proferred for seeking an extension. See Chipser v. Kohlmeyer & Co., 600 F.2d 1061, 1063 n. 2; Parke-Chapley Constr., 865 F.2d 907, 909 n. 5; 9 J. Moore, B. Ward, & J. Lucas, Moore's Federal Practice, p 204.13[1.-2] n. 25 (1990). We do not comment on the merits of that argument.