941 F.2d 726
 57 Empl. Prac. Dec. P 40,953, 23 Fed.R.Serv.3d 230
 Mary Kay BARTUNEK, Mary E. Bertus, Paula Gibson, Annette
Oorlog, Candyce Scherr, Sylvia Stotz, and Lori Van
Duysen, Appellant,
v.
Gary BUBAK, M.D., as an individual and in his capacity as a
staff physician at Wagner Community Memorial Hospital;
Wagner Community Memorial Hospital, Donald Juffer, Morris
Schuurmans, Richard Hoffman, Karen Weber, Jean Pirner, Merle
Denker, Donald Hubbard, Edward Novak, and Robert Frei, in
their capacity as the Board of Directors of the Wagner
Community Memorial Hospital, Appellees.
Mary Kay BARTUNEK, Mary E. Bertus, Paula Gibson, Annette
Oorlog, Candyce Scherr, Sylvia Stotz, and Lori Van
Duysen, Appellees,
v.
WAGNER COMMUNITY MEMORIAL HOSPITAL, Donald Juffer, Morris
Schuurmans, Richard Hoffman, Karen Weber, Jean Pirner, Merle
Denker, Donald Hubbard, Edward Novak, and Robert Frei, in
their capacity as the Board of Directors of the Wagner
Community Memorial Hospital, Appellants.
 Nos. 90-5052SD, 90-5057SD.
 United States Court of Appeals,
Eighth Circuit.
 Submitted June 14, 1991.
Decided Aug. 22, 1991.
 
 Jana Miner Lunsford, Gregory, S.D., argued, for appellant; Rick Johnson, Gregory, S.D., on the brief.
 James L. Hoy, Sioux Falls, S.D., argued for appellee Wagner Community Memorial Hospital; Gale Fisher, Sioux Falls, S.D., argued for appellee Gary Bubak, M.D.; Carleton Hoy, Sioux Falls, S.D., on the brief.
 Before MAGILL, Circuit Judge, HEANEY, Senior Circuit Judge, and LARSON,* Senior District Judge.
 MAGILL, Circuit Judge.
 
 
 1
 Mary Kay Bartunek and six other former employees of the Wagner Community Memorial Hospital appeal the district court's orders dismissing Dr. Gary Bubak as a defendant and granting summary judgment for the remaining defendants, the hospital and its board of directors. The hospital and board of directors cross-appeal, contending that this court lacks jurisdiction because the district court erred in granting an extension of time to the plaintiffs to file their notice of appeal. Because the district court improperly granted the motion to extend time ex parte and applied the wrong standard in considering the motion, we dismiss the appeal and remand the motion to the district court for reconsideration.
 
 I.
 
 2
 Bartunek, with five other nurses and a nurse's aide (the nurses) formerly employed by the Wagner Community Memorial Hospital, sued Dr. Bubak, the hospital, and its board of directors for sexual harassment and intentional infliction of emotional distress. Their claims were brought under 42 U.S.C. § 2000e (Title VII), 42 U.S.C. § 1983, and South Dakota tort law. The district court dismissed Dr. Bubak from the suit on August 2, 1989. It held that there was no basis to exercise jurisdiction over him on the federal claims because he was not the nurses' employer nor a state actor, and found pendent party jurisdiction on the state claim likewise inappropriate. On December 20, 1989, the district court granted summary judgment to the hospital and the board of directors (collectively, the hospital), holding that the nurses had not established that sexual harassment had created a hostile work environment under the test set out in Hall v. Gus Constr. Co., 842 F.2d 1010 (8th Cir.1988). Specifically, the district court held that as a matter of law, the plaintiffs had failed to prove (1) that the harassment affected the terms or conditions of their employment, and (2) that the employer knew or should have known of the harassment and failed to take proper remedial action. Judgment was entered for the defendants on December 22, 1989.
 
 
 3
 On January 24, 1990, the nurses tried to file a notice of appeal, but it was rejected by the clerk of the district court as untimely. The nurses did not attempt to file the notice until January 24, thirty-three days after the judgment, because their attorney erroneously believed that Fed.R.Civ.P. 6(e) added three days to the time allowed for filing since she had received notice of the judgment by mail. Rule 6(e) provides,
 
 
 4
 Whenever a party has the right or is required to do some act or take some proceedings within a prescribed period after the service of a notice or other paper upon the party and the notice or paper is served upon the party by mail, 3 days shall be added to the prescribed period.
 
 
 5
 In Merrill Lynch, Pierce, Fenner & Smith, Inc. v. Kurtenbach, 525 F.2d 1179, 1181 (8th Cir.1975), however, the Eighth Circuit had held that Rule 6(e) does not affect the computation of time for appeal. On January 29, the nurses moved for an extension of the time for appeal. They served notice of the motion on the defendants, as required by Fed.R.App.P. 4(a)(5). On the same day, the district court granted the motion without giving the defendants an opportunity to respond, ruling that the nurses had established good cause for the extension.
 
 
 6
 The hospital filed a motion to reconsider the extension of time. Before the district court ruled on the motion, the nurses filed a notice of appeal on February 2, 1990. The district court denied the motion to reconsider on February 5. The next day, the hospital filed a notice of cross-appeal from the order extending the time for appeal and from the denial of the motion to reconsider. On May 7, 1990, the hospital moved to dismiss the appeal for lack of jurisdiction.
 
 II.
 
 7
 The timely filing of a notice of appeal is mandatory and jurisdictional. Browder v. Director, Dep't of Corrections, 434 U.S. 257, 264, 98 S.Ct. 556, 560, 54 L.Ed.2d 521 (1978); Vogelsang v. Patterson Dental Co., 904 F.2d 427, 429 (8th Cir.1990). Fed.R.App.P. 4(a) provides that in civil cases where the United States is not a party, the notice of appeal must be filed with the clerk of the district court within thirty days after the entry of the judgment or order appealed from. Fed.R.App.P. 4(a)(1). The district court may, however, on a showing of good cause or excusable neglect, extend the time for appeal upon motion filed not later than sixty days after the judgment. Fed.R.App.P. 4(a)(5). The "good cause" standard applies only to the first thirty-day period, during which a timely notice of appeal could still be filed; the more stringent "excusable neglect" standard applies during the second thirty days. Fed.R.App.P. 4(a)(5), 1979 advisory committee's note; Allied Steel v. City of Abilene, 909 F.2d 139, 143 n. 3 (5th Cir.1990); Marsh v. Richardson, 873 F.2d 129, 130 (6th Cir.1989); Parke-Chapley Constr. Co. v. Cherrington, 865 F.2d 907, 909-10 (7th Cir.1989); 650 Park Ave. Corp. v. McRae, 836 F.2d 764, 766 (2d Cir.1988); Consolidated Freightways Corp. v. Larson, 827 F.2d 916, 918 n. 3 (3d Cir.1987), cert. denied, 484 U.S. 1032, 108 S.Ct. 762, 98 L.Ed.2d 775 (1988); Oregon v. Champion Int'l Corp., 680 F.2d 1300, 1301 (9th Cir.1982); see Vogelsang, 904 F.2d at 431 (standard is excusable neglect when motion to extend time is filed after original thirty-day appeal period expires); Borio v. Coastal Marine Constr. Co., 881 F.2d 1053, 1055 (11th Cir.1989) (same). But see Pontarelli v. Stone, 930 F.2d 104, 109-11 (1st Cir.1991) (whether good cause or excusable neglect standard applies is determined not by when motion to extend time is filed, but by whether need for extension results from movant's neglect or from forces beyond his or her control).
 
 Rule 4(a)(5) further provides:
 
 8
 Any such motion which is filed before expiration of the prescribed time may be ex parte unless the court otherwise requires. Notice of any such motion which is filed after expiration of the prescribed time shall be given to the other parties in accordance with local rules.
 
 
 9
 Fed.R.App.P. 4(a)(5); see Hable v. Pairolero, 915 F.2d 394, 395 (8th Cir.1990) (if motion is filed more than thirty days after judgment is entered, notice of the motion must be given to the other parties). District of South Dakota Local Rule 4, § 8 requires that with every motion raising a question of law, a brief in support of the motion must be served on opposing counsel. The rule further provides that any party may request oral argument and that unless the court orders otherwise, the opposing parties must submit briefs in opposition to the motion.
 
 
 10
 The nurses filed their motion to extend time during the second thirty-day period; therefore, the district court did not have authority to rule on the motion ex parte, and the excusable neglect standard applies. After the initial thirty-day appeal period expired, the district court was without jurisdiction to act on a motion to extend time ex parte; its order granting the motion is therefore void. See Malone v. Avenenti, 850 F.2d 569, 572-73 (9th Cir.1988); Truett v. Johns-Manville Sales Corp., 725 F.2d 1301, 1302 (11th Cir.1984); Oda v. Transcon Lines Corp., 650 F.2d 231, 232 (10th Cir.1981); cf. Hable, 915 F.2d at 395 (district court lacks jurisdiction to extend time for appeal when party requesting extension fails to give notice of motion to other parties). This case differs from those cited, however, in that here the would-be appellants did give notice to the defendants as the rules required. The mistake was entirely the district court's in failing to give the defendants the opportunity to oppose the motion, and it is the district court, not the nurses, that caused the jurisdictional defect. Therefore, we believe the proper course is to remand for reconsideration of the motion to extend time after the defendants have been given an opportunity to respond. That was the course the Tenth Circuit chose in Oda, which involved a somewhat similar situation. There, the appellant gave notice of the motion to extend time after the motion had been granted, but arguably[1] before the thirty-day grace period was up. The court held that although the district court did not have jurisdiction at the time it ruled on the motion, it acquired jurisdiction when the notice was given and could rule on the motion after giving the appellee an opportunity to respond to it. 650 F.2d at 232-33.
 
 
 11
 Even more similar to this case is Baker v. Raulie, 879 F.2d 1396 (6th Cir.1989). There, the appellant had given notice of his motion to extend time, and the district court granted the motion one day later, before the appellee had had a chance to object, even though the applicable local rule allowed the appellee ten days to respond. The court said, "[T]he district court, regardless of the conduct of the movant, must see to it that adverse parties receive notice along with an adequate opportunity to be heard regarding a Rule 4(a)(5) motion filed within the 30-day grace period that follows Rule 4(a)(1)'s initial time for appeal." Id. at 1399[2]. Accord Diffenderfer v. Homer, 408 F.2d 1344, 1346 (5th Cir.1969) (after the expiration of the ordinary appeal time, the district court may not grant an extension ex parte, but must give notice and opportunity to be heard to all adverse parties); Winchell v. Lortscher, 377 F.2d 247, 251 (8th Cir.1967) (same) (dictum).
 
 
 12
 A remand in this case might seem futile since the district court did entertain the defendants' arguments against the extension when it heard their motion to reconsider, and yet declined to reverse its earlier ruling. See Allied Steel, 909 F.2d at 141 (motions panel held district court's failure to allow defendants to respond to plaintiff's motion to extend time was cured by court's subsequent consideration of arguments in defendants' motion to reconsider the extension of time). Nevertheless, a remand is necessary here because in addition to ruling on the motion prematurely, the district court applied the wrong standard. It determined that there was "good cause" for the nurses' failure to appeal on time, but "excusable neglect" is the appropriate standard. After the hospital pointed out the correct standard in its motion to reconsider, the district court said in its order denying the motion that the nurses had shown "good cause or excusable neglect" for their failure to file on time. Judging from the order, however, the change in wording seems purely cosmetic: the court did not acknowledge any difference between good cause and excusable neglect, nor did it change the analysis to examine whether the more stringent requirements for excusable neglect were met. We therefore remand so that the district court may give the defendants an opportunity to respond and may apply the excusable neglect standard.[3]
 
 III.
 
 13
 We dismiss the appeal for lack of jurisdiction and remand to the district court for proceedings in accordance with this opinion.
 
 
 
 *
 THE HONORABLE EARL R. LARSON, Senior United States District Judge for the District of Minnesota, sitting by designation
 
 
 [1]
 Whether notice of the motion was in fact given within sixty days after judgment was to be determined by the district court on remand
 
 
 [2]
 In Baker, the court stated that a remand would be appropriate to "allow the district court to reconsider the matter under a proper procedure that takes into account [the appellee]'s opposition," except that the district court had abused its discretion substantively as well as procedurally by granting an extension of time under circumstances that did not reasonably warrant a finding of excusable neglect. Here, however, unlike in Baker, the district court considered the motion to extend time under an incorrect standard (see discussion infra ). We decline to review the merits of the extension before the district court has ruled on it under the proper standard
 
 
 [3]
 Excusable neglect has been held to include plausible misconstructions of the rules of procedure or applicable law, though not mere ignorance of them. 650 Park Ave., 836 F.2d at 767; Redfield v. Continental Casualty Corp., 818 F.2d 596, 602 (7th Cir.1987); 9 J. Moore & B. Ward, Moore's Federal Practice p 204.13[1.-3] at 4-94 to -97 (2d ed. 1991)