**M.C. JEFFERS, Al Porter, Evangeline Brown, Clyde Collins, Earl Foster, the Rev. Ellihue Gaylord, Shirley M. Harvell, Linda Shelby, J.C. Jeffries, Joseph Perry, Clinton Richardson, T.E. Patterson, Earnest Simpson, Brian Smith, and Charlie Statewright, on Behalf of Themselves and All Others similarly situated,\* Plaintiffs,**

v.

**Bill CLINTON, in His Official Capacity as Governor of Arkansas and Chairman of the Arkansas Board of Apportionment; W.J. McCuen, in His Official Capacity as Secretary of State of Arkansas and Member of the Arkansas Board of Apportionment; and Winston Bryant, in His Official Capacity as Attorney General of Arkansas and Member of the Arkansas Board of Apportionment, Defendants.**

No. H–C–89–004.

United States District Court,
E.D. Arkansas, E.D.

Aug. 13, 1992.

---

\* O.C. Duffy and Lavester McDonald have died and therefore are no longer listed as plaintiffs.

Don E. Glover, Dermott, Ark., Perlesta A. Hollingsworth, Hollingsworth Law Firm, P.A., Little Rock, Ark., Olly Neal, Jr., Marianna, Ark., L.T. Simes, II, Simes & Simes, West Helena, Ark., Penda D. Hair, Washington, D.C., Julius L. Chambers, Sherrilyn Ifill, Dayna L. Cunningham, NAACP Legal Defense Fund Inc., New York City, Sheila Y. Thomas, NAACP Legal Defense Inc., Washington, D.C., Donna L. Dennis, Debevoise & Plimpton, New York City, Kathleen Bell, Wilson & Associates, Helena, Ark., for plaintiffs.

Phil W. Campbell, Paula Jamell Storeygard, Hilburn, Calhoon, Harper, Pruniski & Calhoun, Ltd., North Little Rock, Ark., for Robert Nelson.

Frank J. Wills, III, Attorney General's Office, Little Rock, Ark., for Steve Clark.

Field Kindley Wasson, Jr., Chief Legal Counsel, Office of the Governor, Little Rock, Ark., for defendants.

Before RICHARD S. ARNOLD, Chief Circuit Judge, EISELE, Senior District Judge, and HOWARD, District Judge.

RICHARD S. ARNOLD, Chief Judge.

We have before us the defendants' motion for an extension of time within which to file an amended notice of appeal. For the reasons given below, the motion is denied.

We filed our opinion and order awarding the plaintiffs their attorneys' fees and expenses on October 24, 1991. 776 F.Supp. 465 (E.D.Ark.). The defendants incorrectly appealed from that order to the Supreme Court of the United States. On March 23, 1992, the Supreme Court vacated the judgment and remanded the case to us "with instructions to enter a fresh judgment from which an appeal may be taken to the United States Court of Appeals for the Eighth Circuit." —— U.S. ——, 112 S.Ct. 1462, 117 L.Ed.2d 609. Pursuant to the Supreme Court's order, we entered a new judgment on April 7, 1992.

On May 6, 1992, the defendants filed their timely notice of appeal. The notice of appeal identified the appellants as "Bill Clinton, et al." After the Clerk's office for the Court of Appeals received the notice of appeal, it contacted the defendant's attorney and advised him that the notice was inadequate to perfect the appeal on behalf

of all the defendants. In *Torres v. Oakland Scavenger Co.*, 487 U.S. 312, 108 S.Ct. 2405, 101 L.Ed.2d 285 (1988), the Supreme Court held that Federal Rule of Appellate Procedure 3(c) requires that each appellant be specifically named in the notice of appeal. Consequently, the designation "et al." may be [1] inadequate to perfect an appeal on behalf of those parties whose names are not specifically listed on the notice of appeal.

The defendants' possibly defective notice of appeal was timely filed. The time in which to file a notice of appeal, however, expired before the defendants realized that their notice might be defective. Consequently, pursuant to Federal Rule of Appellate Procedure 4(a)(5) and Local Rule 20, they filed a motion on June 5, 1992, asking us for a ten-day extension of time in which to file an amended notice of appeal which clearly complies with *Torres*.

Rule 4(a)(5) provides, in part, that "[t]he district court, upon a showing of excusable neglect or good cause, may extend the time for filing a notice of appeal upon motion filed not later than 30 days after the expiration of the time prescribed by this Rule 4(a)." The defendants' motion for an extension of time under Rule 4(a)(5) is timely because they filed it within sixty days of the entry of judgment. The issue, then, is whether they can demonstrate "good cause" or "excusable neglect" for their failure to file a timely and clearly proper notice of appeal.

■ The defendants argue that they are entitled to the lenient standard of "good cause." The Notes of the Advisory Committee accompanying the 1979 amendment to the Rules indicate, however, that the "good cause" standard does not apply to requests for extensions of time filed after the initial thirty-day period has expired. The Notes state that

[w]hile [excusable neglect] was an appropriate standard in cases in which the motion is made after the time for filing the notice of appeal has run, and remains

so, it has never fit exactly the situation in which the appellant seeks an extension before the expiration of the initial time. In such a case, "good cause," which is the standard that is applied in the granting of other extensions of time under Rule 26(b), seems more appropriate.

The Court of Appeals explicitly adopted this view in *Bartunek v. Bubak*, 941 F.2d 726 (8th Cir.1991). It held that "[t]he 'good cause' standard applies only to the first thirty-day period, during which a timely notice of appeal could still be filed; the more stringent 'excusable neglect' standard applies during the second thirty days." *Id.* at 728 (citations omitted).

■ Defendants must demonstrate "excusable neglect" in order for the Court to grant the extension. They have not done so. The only reason defendants give for their failure to file a proper and timely notice of appeal is that "[p]rior to the Court Clerk's call, defendants' counsel was not aware of the *Torres* court's procedural modification...." In *Bartunek* the Court indicated, in dictum, that excusable neglect includes "plausible misconstructions of the rules of procedure or applicable law, though not mere ignorance of them." 941 F.2d at 730 n. 3 (citations omitted). Defendants' counsel has done nothing more than allege ignorance of the law, though it is the kind of ignorance, and on a highly technical point at that, that any lawyer could have been guilty of.

An earlier opinion, *Vogelsang v. Patterson Dental Co.*, 904 F.2d 427 (8th Cir. 1990), further defines excusable neglect.

In general, excusable neglect may be found where a party has failed to learn of an entry of judgment, or in extraordinary cases where injustice would otherwise result. The burden of demonstrating excusability lies with the party seeking the extension and excusability will not be found when the failure to timely file an appeal is caused by palpable oversight, administrative or clerical errors by

---

**1.** We say "may be" because the sufficiency of the notice of appeal is a question for the Court of appeals, not us.

the attorney or the attorney's staff, [or] an attorney's busy schedule....

904 F.2d at 431 (citations and quotations omitted). The defendants here have not presented facts indicating the kind of "extraordinary circumstances" envisioned by the *Vogelsang* Court. Again, they have alleged nothing more than "palpable oversight."

■ The defendants have not demonstrated excusable neglect for their failure to file a timely and clearly proper notice of appeal. Their motion for an extension of time within which to file an amended notice of appeal is denied. Plaintiffs ask us to dismiss the appeal. This is not within our jurisdiction. Whether the initial notice was defective, and the legal effect of any insufficiency in it, are questions for the Court of Appeals to decide.

It is so ordered.

EISELE, Senior District Judge, concurring in the judgment.

I concur in the Court's judgment that the defendants in this case, now the would-be appellants, should not receive an extension of time to file an amended notice of appeal. I write separately, however, to express my views of this question, which the Court does not share.

Rule 4(a)(5) [2] provides, in part, "The district court, upon a showing of excusable neglect or good cause, may extend the time for filing a notice of appeal upon motion filed not later than 30 days after the expiration of the time prescribed by this Rule 4(a)." [3] Apparently, however, at least according to the majority view and the majority of this Court, Rule 4(a)(5) does not mean what it says. The Court observes that "[t]he Notes of the Advisory Committee accompanying the 1979 amendment to the Rules indicate, however, that the 'good cause' standard does not apply to requests for extensions of time filed after the initial thirty-day period has expired." *Supra* at 1204. The Court of Appeals for the Eighth

Circuit agrees with this reading of the Advisory Committee Notes and with this Court's conclusion that the Notes, and not the Rule, should be followed. So do seven other courts of appeals. *See 650 Park Ave. Corp. v. McRae,* 836 F.2d 764, 766 (2d Cir.1988); *Allied Steel v. City of Abilene,* 909 F.2d 139, 143 n. 3 (5th Cir.1990); *Marsh v. Richardson,* 873 F.2d 129, 130 (6th Cir.1989); *Parke–Chapley Constr. Co. v. Cherrington,* 865 F.2d 907, 909–10 (7th Cir.1989); *Oregon v. Champion Int'l Corp.,* 680 F.2d 1300, 1301 (9th Cir.1982) (*per curiam*); *Borio v. Coastal Marine Constr. Co.,* 881 F.2d 1053, 1055 (11th Cir. 1989). I disagree with all these decisions, as does the First Circuit. *See Pontarelli v. Stone,* 930 F.2d 104, 109–111 (1st Cir.1991); *Scarpa v. Murphy,* 782 F.2d 300, 301 (1st Cir.1986). Precedent, but in my view, not reason, supports the Court's conclusion that the "good cause" standard only applies to requests for extensions made before the expiration of the period provided by Rule 4(a). However, while precedent controls the Court's decision here, it also merits criticism.

As the First Circuit has commented, "the language of FRAP 4(a)(5) itself, which could hardly be clearer, in no way intimates that 'good cause' is to be utilized exclusively in the evaluation of FRAP 4(a)(5) requests submitted within the 30 day period for lodging an appeal as a matter of right." *Pontarelli, supra* at 110. Remarkably, the second sentence of the Rule actually does manage to make the first sentence even clearer than it already is. After stating that motions for extensions "filed not later than 30 days after the expiration of the time prescribed by this Rule 4(a)" may be granted "upon a showing of excusable neglect or good cause," the Rule states, "Any such motion which is filed before the expiration of the prescribed time may be *ex parte* unless the court otherwise requires." Thus, the Rule treats motions filed before the Rule 4(a) deadline differently than motions filed afterwards. The procedural re-

---

**2.** All references to Rules in this opinion are to the Federal Rules of Appellate Procedure.

**3.** In this case, Rule 4(a) allowed the defendants to file a notice of appeal within 30 days after the date this Court entered its decision awarding the plaintiffs attorney fees.

quirements are more strict if the deadline has passed. The Rule could also impose different substantive standards for each situation, but it simply and quite clearly does not.

In describing the proposed changes in Rule 4(a)(5) that the Rule now reflects, the Advisory Committee Notes state, in relevant part,

> The proposed amended rule expands to some extent the standard for the grant of an extension of time. The present rule requires a "showing of excusable neglect." While this was an appropriate standard in cases in which the motion is made after the time for filing the notice of appeal has run, and remains so, it has never fit exactly the situation in which the appellant seeks an extension before the expiration of the initial time. In such a case, "good cause," which is the standard that is applied in the granting of other extensions of time under Rule 26(b) seems to be more appropriate.

The "excusable neglect" standard did not "fit exactly" the situation in which a party requested more time before his time had expired because he had not neglected anything, excusably or otherwise, at the time he requested an extension. On the other hand, it would remain appropriate to require a party who had let the deadline expire to show a legally acceptable excuse for his failure to abide by the rule. The Notes state that excusable neglect does not fit when the time for filing has not passed. They also state that excusable neglect remains an appropriate standard when the time for filing has passed. The Notes do not, however, state that good cause should only be applied in the former situation but not the latter. The fact that one standard, such as excusable neglect, may remain "appropriate" in a situation, does not mean that another standard, such as good cause, may not be appropriate as well. Because the Rule plainly instructs the district court to accept a showing under either standard, and because the Notes are susceptible to a sensible interpretation that does not contradict the plain meaning of the Rule, I would follow the Rule, and not the possible contradictory meaning of the Notes.

The Court is correct to point out, however, that the Eighth Circuit has held otherwise. That precedent is applicable and binding, and I accept it. But I think it is wrong. Where rules of procedure are clearly written, and they do not go against the clear intentions of those enacting them, then courts should not require themselves and parties seeking to follow the rules to read behind every apparently understandable provision.

Accepting excusable neglect as the applicable standard, in my view, this question is closer than the Court appreciates. (For what it is worth, I feel that good cause is a different but not necessarily more lenient standard in this context, and I do not believe that the defendants could have met that standard here.) Rule 3(c) provides, in relevant part, that a notice of appeal shall "specify the party or parties taking the appeal." In *Torres v. Oakland Scavenger Co.*, 487 U.S. 312, 108 S.Ct. 2405, 101 L.Ed.2d 285 (1988), the Supreme Court held that the phrase "et al." was not sufficient to indicate a party's intention to appeal under Rule 3(c). The Court explained,

> The purpose of the specificity requirement of Rule 3(c) is to provide notice both to the opposition and to the court of the identity of the appellant or appellants. The use of the phrase "et al.," which literally means "and others," utterly fails to provide such notice to either intended recipient.

*Id.* at 318, 108 S.Ct. at 2409.

The named defendants in this case are the three members of the Arkansas Board of Apportionment: Governor Bill Clinton, Secretary of State W.J. McCuen, and Attorney General Winston Bryant. Each man is sued only in his official capacity as the holder of his respective office and as a member of the Board of Apportionment. Each man is represented by the Attorney General's office. The notice of appeal filed in this case, which the defendants now want to amend, identifies the appellants as "Bill Clinton, et al., defendants herein." The notice was submitted by Winston Bryant. Thus, the names of two of the

three members of the Board of Apportionment appear on the notice of appeal. W.J. McCuen has no distinct interest in this case, and it would be silly to suggest that he would oppose the Governor and Attorney General in their now hapless effort to appeal this Court's award of attorney fees. Even if Mr. McCuen did not support the decision to appeal, he is just one of the three members of the Board of Apportionment. Finally, the notice identifies "Bill Clinton, et al.," or, in translation, "Bill Clinton and others," as the appellants; the notice specifically informs the district court and anyone else reading it that Mr. Clinton and "others"—that is, more than one other [4]—"the defendants herein"—not "a defendant" or "defendants," but "the defendants"—are appealing this Court's attorney fee decision. Can anyone honestly doubt who the appellants are here? Does the use of the phrase "et al.," in this case, "utterly fail[ ] to provide such notice," as was the case in *Torres*? I think not.

This discussion is not intended as an argument that the notice of appeal Mr. Bryant submitted is adequate to include himself and Mr. McCuen as appellants under Rule 3(c).[5] But it does describe a possible extraordinary circumstance that might, if relied on by a party requesting an extension, excuse that party's neglect to file a notice listing the proper name of every appellant during the period prescribed by Rule 4(a). That is, where the circumstances of a case make it entirely obvious who is bringing an appeal, a district court might properly excuse a neglect of *Torres*. In many cases, the naming of the others encompassed by "et al." will make a notice of appeal more specific and more informative. In cases where a strict rule against the use of that phrase would constitute a meaningless technicality, however, not only might a court of appeals accept the notice, but a district court might forgive a party's mistake of overlooking the issue. *See In*

*re San Juan Dupont Plaza Hotel Fire Litigation*, 888 F.2d 940, 941–42 (1st Cir. 1989) (upholding district court's grant of extension on showing of excusable neglect, reasoning that because, in part, notice of appeal did reasonably communicate who appellants were, failure to name names was "an excusable blunder").

Here, the would-be appellants have not argued that the unusual circumstances of this case, where no one could doubt who the *alii* are, led them to misread, or simply not to read, the *Torres* decision. They merely plead an unassisted ignorance of the law. While the defendants might, in my view, have an acceptable excuse here, they have not offered one to the Court. For that reason, I concur in the Court's judgment that the defendants' motion for an extension should be denied.

---

4. I suppose "et al." could also be an abbreviation for "*et alius*," meaning "and another," instead of "*at alii*," meaning "and others." The latter translation, however, is the accepted legal meaning of the phrase.

5. That question, as well as the significance of its answer, will be addressed by the Court of Appeals. The Eighth Circuit could, of course, conclude that Mr. Clinton, as Chairman of the Board of Apportionment, has the authority to pursue an appeal on behalf of the Board.