**IN THE UNITED STATES COURT OF APPEALS**

**FOR THE FIFTH CIRCUIT**

No. 96-50959
(Summary Calendar)

FLORENCE M. GUSTAFSON,

Plaintiff-Appellant,

versus

THE TEXAS DEPARTMENT OF TRANSPORTATION,

Defendant-Appellee.

Appeal from the United States District Court
for the Western District of Texas
USDC No. A-95-CA-846-SS

December 30, 1997

Before JONES, SMITH, and STEWART, Circuit Judges.

PER CURIAM:[*]

Florence M. Gustafson ("Gustafson") appeals from a judgment in favor of the Texas Department of Transportation ("TxDot") following a trial on her claims of employment discrimination on the basis of sex, age, and retaliation. Submitting her pleadings to this court pro se, Gustafson appears to allege that 1) the magistrate judge's ruling on TxDot's motion in limine deprived her of the ability to introduce certain evidence; 2) her own attorneys refused to offer pertinent evidence; 3) the district court improperly granted defendant's motion for judgment as a matter of law; and 4) she was denied the right to produce all her evidence and to have her case decided by a jury, therefore depriving her of due process under the Fourteenth Amendment to the United States Constitution. We have reviewed the record and find Gustafson's claims to be without merit. We affirm.

---

[*]Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Gustafson is a former employee of TxDot. In order to take advantage of a 1993 retirement incentive offered by the State of Texas, Gustafson retired from TxDot on September 30, 1993. Following her retirement, Gustafson filed a complaint with the Equal Employment Opportunity Commission and the Texas Commission on Human Rights alleging that the Texas Department of Transportation discriminated against her on the basis of age and sex. She subsequently filed suit alleging discrimination and constructive termination because of her age and sex as well as retaliation because she complained of such discrimination. A trial ensued and a judgment as a matter of law was granted in favor of TxDot. Gustafson timely appeals.[2]

We deny Gustafson's claims pursuant to our review of the parties' pleadings, the record, and the reasons set forth in the magistrate judge's memorandum opinion and final judgment granting the defendant's motion for judgment as a matter of law. We find no abuse of discretion with regard to the magistrate judge's ruling on TxDot's motion in limine and thereby reject Gustafson's claim that she was prevented from offering certain relevant evidence. We find persuasive the defendant's argument that Gustafson's failure to introduce any evidence that was the subject of the motion in limine or to make an offer of proof for evidence forecloses her ability to complain about the exclusion of such evidence. United States v. Estes, 994 F.2d 147, 149 (5th Cir. 1993). Additionally, Gustafson fails to provide clear and convincing evidence of the misconduct of her attorneys in failing to present all of her evidence at trial. As stated by this court in Longden v. Sunderman, 979 F.2d 1095 (5th Cir. 1992), a claim of attorney misconduct must be proven by clear and convincing evidence and the

---

[2]TxDot argues that Gustafson failed to file a timely notice of appeal pursuant to Fed. R. App. P. 4(a). This court has held, however, that unique circumstances may excuse a would-be appellant from her failure to file a timely notice of appeal "where counsel fails to file a notice of appeal within the prescribed time based on its good faith reliance on a mistaken assurance or statement of the district court." Prudential Bache Sec., Inc. v. Fitch, 966 F.2d 981, 985 (5th Cir., 1992). In this case, the magistrate judge granted the appellant's motion to extend the period for filing a notice of appeal. In doing so, the magistrate judge erroneously extended the filing deadline "beyond the later of thirty days after expiration of the original filing period or ten days after the entry of the order granting the request." See Allied Steel v. City of Abilene, 909 F.2d 139, 142 (5th Cir. 1990). As a result, the district court made an "affirmative representation," see id., that if appellant filed her appeal by the date the court had provided, her appeal would be timely. The appellant complied with that instruction and under these unique circumstances we find no reason why she should forfeit her right to appeal because she was misled by an error of the district court.

conduct complained of must be such as to prevent the losing party from fairly presenting its case. The record does not reveal that such was the case in the instant matter.

Reviewing de novo the district court's grant of judgment as a matter of law, we find that such grant was proper. In Becker v. Paine Webber, Inc., 962 F.2d 524, 526 (5th Cir. 1992), this court pronounced that a motion for judgment as a matter of law should be granted if after considering the evidence in the light most favorable to the non-moving party there is an insufficient legal basis to submit the case to the jury. A review of the record indicates that Gustafson failed to present evidence at trial to support any of her causes of action. Specifically, she did not bring evidence that 1) TxDot acted willfully—if, indeed it acted improperly at all; 2) TxDot encouraged Gustafson to resign from her position; 3) she was constructively discharged; 4) age or retaliation was the reason she did not receive a promotion in July, 1993; 5) she was discriminated against under Title VII of the Civil Rights Act of 1964; 6) she was retaliated against in violation of Title VII of the Civil Rights Act of 1964; and 7) she suffered from intentional infliction of emotional distress. In light of her failure to produce evidence supporting any of these claims, the grant of TxDot's motion for judgment as a matter of law is proper.

Finally, we turn to Gustafson's due process claim and her allegation that she was denied the right to produce all her evidence and have her case heard by a jury. TxDot correctly notes that Gustafson's due process claim against a federal court, and not a state court, are properly brought under the Fifth Amendment rather than the Fourteenth Amendment. The Fifth Amendment limits the power of a court to dismiss an action without affording a party a hearing on the merits of his cause. Emerick v. Fenick Indus., 539 F.2d 1379, 1381 (5th Cir. 1976). We find that Gustafson was afforded the opportunity to present all of her oral testimony and documentary evidence to the trial court through her retained attorneys. Only at the close of her case—upon her failure to present the requisite evidence—did the court grant the motion for judgment as a matter of law and prevent the possibility of submission of the case to the jury. Therefore, Gustafson's due process claim necessarily fails.

For the foregoing reasons, we AFFIRM the judgment of the district court.