Pram NGUYEN, Plaintiff,

v.

CITY OF CLEVELAND,
et al., Defendants.

No. 1:99CV2990.

United States District Court,
N.D. Ohio,
Eastern Division.

April 4, 2001.

Alexander M. Spater, Spater, Schulte & Kolman, Columbus, OH, for Pram Nguyen, plaintiff.

Claudette Walcott, Cornell P. Carter, City Of Cleveland, Department Of Law, Cleveland, OH, for City of Cleveland, defendant.

Alton L. Stephens, Jr., Michael Terence Cawley, Catherine A. Davis, Gallagher, Sharp, Fulton & Norman, Cleveland, OH, for Parsons Engineering, defendant.

*MEMORANDUM AND ORDER*

ALDRICH, District Judge.

In an order dated November 21, 2000, the Court denied the defendants' motion to compel arbitration of his whistleblower retaliation claim brought under 31 U.S.C. § 3730(h), a provision of the False Claims Act. The facts of the case are set forth in the November 21 order. *Nguyen v. City of Cleveland,* 121 F.Supp.2d 643 (N.D.Ohio 2000). The case is now before the Court on Parsons Engineering's motion for reconsideration, or in the alternative, for an extension of its time to appeal. For the following reasons, the motion (docket no. 31) is denied. However, for the reasons given below, the Court certifies, pursuant to 28 U.S.C. § 1292(b), that its refusal to enforce the arbitration agreement is ap-

propriate for interlocutory review by the Court of Appeals.

### Discussion

On reconsideration, the Court agrees with Parsons that the distinction it drew between this case and *United States ex rel. Mikes v. Straus*, 897 F.Supp. 805 (S.D.N.Y.1995) [*Mikes II*], was unpersuasive. This Court considered *Mikes II sua sponte* and held that it was distinguishable because there, the court applied New York arbitration law rather than the federal Arbitration Act, 9 U.S.C. § 1 *et seq.* But as Parsons correctly points out in its motion for reconsideration, if Congress intended to preclude a waiver of a judicial forum under the False Claims Act, then it is immaterial whether a party seeks to enforce such a waiver under the federal Arbitration Act or under a state statute. Moreover, as Parsons notes, an earlier opinion in the same case, *Mikes v. Strauss*, 889 F.Supp. 746 (S.D.N.Y.1995) [*Mikes I*], did hold that a whistleblower retaliation claim under 31 U.S.C. § 3730(h) was arbitrable.

*Mikes I* directly supports Parsons's arguments, and this Court's distinction of *Mikes II* from the instant case was not persuasive. Nevertheless, *Mikes I* is not binding on this Court. The Court remains convinced that its ultimate holding on application of the Arbitration Act in the November 21 order is sound. Certainly, the trend in the law is toward enforcement of arbitration agreements. *E.g., Circuit City Stores, Inc., v. Adams,* —— U.S. ——, 121 S.Ct. 1302, 149 L.Ed.2d 234 (2001) (holding the Arbitration Act applied to contracts of employment); *Green Tree Fin. Corporation—Alabama v. Randolph,* 531 U.S. 79, 121 S.Ct. 513, 148 L.Ed.2d 373 (2000) ("[E]ven claims arising under a statute designed to further important social policies may be arbitrated because so long as the prospective litigant effectively may vindicate [his or her] statutory cause of action in the arbitral forum, the statute serves its functions" (internal quotation marks omitted)). But as this Court indicated in its November 21 order, the case of a *qui tam* relator is fundamentally different from the case of others seeking to avoid arbitration, because the relator has acted for the public rather than for himself. Therefore, the Court's holding is not an expression of common law judicial hostility towards arbitration that the Arbitration Act was meant to overcome, *Circuit City Stores, supra* at ——, slip op. 3, but rather a recognition of a conflict between the policies of the False Claims Act and the Arbitration Act that does not exist in other contexts. Therefore, Parsons's motion for reconsideration is denied.

Parsons has also moved for an extension of time in which to file an appeal pursuant to Fed. R.App. P. 4(a)(5). Under that Rule, the Court may grant the motion upon a showing of good cause or excusable neglect. In support of its motion, Parsons argues that prior to the Supreme Court's decision in *Green Tree, supra,* which was decided after the November 21 order, it was unclear that the Arbitration Act allowed an immediate appeal from the denial of a motion to compel arbitration. Section 16(a)(1)(A) of the Arbitration Act, 9 U.S.C. § 16(a)(1)(A), provides: "An appeal may be taken from an order refusing a stay of any action under section 3 of this title ..." It should have been clear to Parsons prior to *Green Tree* that the Act provided for an appeal from the Court's order of November 21. Therefore, the Court finds that no excusable neglect has been shown. Because there was no excusable neglect, the Court may not exercise its discretion under Rule 4 on that basis. *United States v. Thompson,* 82 F.3d 700, 702 (6th Cir.1996).

Nor does the Court find good cause for an extension. The Court knows of no case

that has defined "good cause" for purposes of Rule 4. *See* 16 Wright & Miller, Federal Practice & Procedure § 3950.3 n. 33 and accompanying text (3d ed.1999). It appears that the "good cause" test is easier to meet than the "excusable neglect" test, *e.g., Bartunek v. Bubak,* 941 F.2d 726, 728 (8th Cir.1991); *Allied Steel v. City of Abilene,* 909 F.2d 139, 143 n. 5 (5th Cir.1990). But 9 U.S.C. § 16(a)(1)(A) so clearly would have permitted the appeal Parsons now wishes to take that the Court finds no good cause existed for Parsons's failure to appeal within the time prescribed by the Rule. Therefore, the Court denies the motion for an extension under Fed. Rule App. P. 4.

■ However, the Court finds that this is an appropriate case for interlocutory appeal. The Court believes its holding on the arbitration question to be correct; nevertheless, because so few cases have addressed the question, and because the Court's holding is novel, the Court finds that there is a substantial ground for differences of opinion. Moreover, the Court finds that an immediate appeal on the issue of arbitration may materially advance the ultimate termination of the litigation; if the Sixth Circuit reverses the Court's order on arbitration, the litigation will be terminated or stayed pending arbitration. The appropriateness of an interlocutory appeal in this case is especially clear because one of the purposes of the Arbitration Act is to allow parties to an arbitration agreement to spare themselves the costs of trial. If Parsons litigates the case in full now, and if, on appeal, the Sixth Circuit holds that this Court should have compelled arbitration, Parsons will have won a Pyrrhic victory, since it would then have to bear the costs *both* of the litigation *and* of the arbitration. Indeed, it is to avoid this result that § 16 of the Arbitration Act allows immediate appeals from orders refusing to enforce an arbitration agreement.

Therefore, pursuant to 28 U.S.C. § 1292(b), the Court certifies that its order of November 21 denying the defendants' motion to compel arbitration, and the instant order denying their motion for reconsideration, involve a controlling question of law as to which there is substantial ground for difference of opinion, and that an immediate appeal from the orders may materially advance the ultimate termination of the litigation.[1]

IT IS SO ORDERED.

---

1. The effect of this certification is to give the Court of Appeals discretion to hear Parsons's interlocutory appeal. The effect of an extension of time under Rule 4 would have been to require the Court of Appeals to hear Parsons's appeal, unless the Court of Appeals determined that this Court had abused its discretion by granting the extension. *Baker v. Raulie,* 879 F.2d 1396, 1398–99 (6th Cir.1989).