# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 01-2261

_____

Ronald Jones-Bey,                            *
                                             *
             Appellant,                      *
                                             *
      v.                                     *
                                             *    Appeal from the United States
Michael Groose; George Lombardi;             *    District Court for the
Dora Schriro; Ansel Card; Jill               *    Western District of Missouri.
McGuire; Joseph Pardoe; Kempker,             *
Major; Warwick, Lt.; Kirkpatrick,            *        [UNPUBLISHED]
COII; Barts, COI; Bindu, CO; Corser,         *
CCW; Talley, CCW,                            *
                                             *
             Appellees.                      *

_____

Submitted:  December 4, 2001
Filed:  December 7, 2001

_____

Before BOWMAN, FAGG, and HANSEN, Circuit Judges.

_____

PER CURIAM.

      Ronald Jones-Bey appeals following the district court's dismissal of his action brought under 42 U.S.C. §§ 1983 and 1985.  We dismiss the appeal for lack of jurisdiction.  See Krein v. Norris, 250 F.3d 1184, 1187 (8th Cir. 2001) (jurisdiction will be raised sua sponte when there is indication it is lacking, even if parties concede issue).

The district court granted Jones-Bey an extension of time to file a notice of appeal in this case, but there is no indication that he filed the notice. Further, because Jones-Bey's motion for an extension of time to appeal was filed more than thirty days following entry of judgment, he was required to give defendants notice of his motion. See Fed. R. App. P. 4(a)(5)(B). Because he did not do so, the district court lacked authority to grant the extension. See Bartunek v. Bubak, 941 F.2d 726, 728 (8th Cir. 1991) (after initial 30-day appeal period expired, district court was without jurisdiction to act on ex parte motion to extend time; thus, its order granting motion was void). Jones-Bey's May 2000 premature "Notice of Intent to Appeal" the initial dismissal of two defendants, which the district court treated as a motion for reconsideration, does not provide a basis for saving any portion of the instant appeal.

Accordingly, the appeal is dismissed.

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.