# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 01-2429

_____

George E. Bowler,                                      *
                                                       *
            Appellant,                            *
                                                       *     Appeal from the United States
    v.                                          *     District Court for the
                                                       *     District of Minnesota.
John E. Potter, Postmaster General,[1]                 *
                                                       *          [UNPUBLISHED]
         Appellee.                              *

_____

Submitted: January 6, 2002
Filed:  February 11, 2002

_____

Before McMILLIAN, BOWMAN, and BYE, Circuit Judges.

_____

PER CURIAM.

      George E. Bowler appeals the District Court's adverse grant of summary judgment in his employment discrimination action against the Postmaster General of the United States Postal Service (USPS). We dismiss the appeal for lack of appellate jurisdiction. See Arnold v. Wood, 238 F.3d 992, 994 (8th Cir.) (holding that the court must ascertain existence of appellate jurisdiction before proceeding to analyze merits), cert. denied, 122 S. Ct. 400 (2001).

_____

     [1]John E. Potter has been appointed to serve as Postmaster General, and is substituted as appellee pursuant to Federal Rule of Appellate Procedure 43(c)(2).

The District Court entered judgment for USPS on September 26, 2000, and Bowler moved for an extension of time to file his notice of appeal on December 6, 2000--eleven days after the sixty-day period of time within which Bowler was required to file his notice of appeal. See Fed. R. App. P. 4(a)(1)(B) ("When the United States, or its officer or agency is a party, the notice of appeal may be filed by any party within 60 days after the judgment or order appealed from is entered."). In support of his motion, Bowler claimed that he had misunderstood the time limits for filing an appeal. On March 14, 2001, the Court granted Bowler's motion, noting his pro se status and concluding that he had established "good cause."

On May 24, 2001, however, the District Court rescinded its March 14, 2001 order, because Bowler had failed to provide USPS with notice of his motion as required under the federal rules. See Fed. R. App. P. 4(a)(5)(B) (describing that notice must be given to other parties according to local rules when motion for extension is filed after expiration of time prescribed for filing notice of appeal); Bartunek v. Bubak, 941 F.2d 726, 728 (8th Cir. 1991) (holding that after initial appeal period expired, district court was without jurisdiction to act on ex parte motion to extend time and its order granting motion was void). The March 14 order granting Bowler's request for an extension of time to file his notice of appeal was also improper because it had applied the wrong standard. See Bartunek, 941 F.2d at 728 (explaining that the more stringent "excusable neglect" standard, not "good cause," is appropriate for determining whether motion for extension filed after expiration of initial time for appeal may be granted); Fink v. Union Cent. Life Ins. Co., 65 F.3d 722, 724 (8th Cir. 1995) (outlining excusable-neglect analysis); cf. Ackra Direct Mktg. Corp. v. Fingerhut Corp., 86 F.3d 852, 856-57 (8th Cir. 1996) (describing that pro se status does not generally excuse party from compliance with federal rules).

The District Court continued to err by suggesting in its May 24, 2001 rescission order that Bowler could file another request for an extension: the time to do so--measured from the entry of judgment on September 26, 2000, see Fed. R. App.

P. 4(a)(5)(A) ("The district court may extend the time to file a notice of appeal if a party so moves no later than 30 days after the time prescribed by this Rule 4(a) expires")--had long since passed, see Fed. R. App. P. 26(b) (describing how the court may not extend time to file notice of appeal except as authorized by Rule 4). In granting Bowler's renewed request for an extension, the Court applied the unique-circumstances exception to Rule 4(a); however, it was not proper to do so under these circumstances. See Hable v. Pairolero, 915 F.2d 394, 395 (8th Cir. 1990) (holding that the unique-circumstances exception applies only if party has performed an act which, if properly done, would postpone appeal deadline, and has received specific assurances by judicial officer that act was properly done).

Accordingly, we dismiss the appeal for lack of jurisdiction.

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.