# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

October 8, 2010

No. 10-10851
Summary Calendar

Lyle W. Cayce
Clerk

CLAY D. SANDERS,

Plaintiff–Appellant,

v.

JOHN MARTINEZ, Trooper; CLAY COFFEY,

Defendants–Appellees.

Appeal from the United States District Court
for the Northern District of Texas, Abilene
No. 1:08-CV-188

Before WIENER, PRADO, and OWEN, Circuit Judges.

PER CURIAM:[*]

Defendant–Appellee John Martinez has filed a motion to dismiss plaintiff–appellant Clay Sanders's (Texas prisoner #1467793) appeal based on a lack of jurisdiction because Sanders did not timely file his notice of appeal.

Sanders's notice of appeal does not specify the judgment or order being appealed.[1]  We will construe it generously to appeal both the district court's

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

[1] *See* FED. R. APP. P. 3(c)(1)(B).

No. 10-10851

denial of his motion for an extension of time to file a notice of appeal and the district court's summary judgment for Martinez.

On July 29, 2010, Sanders filed a motion for extension of time to file a notice of appeal, claiming that his transfer between prison units prevented him from filing a timely notice of appeal. In his motion, Sanders asserted that he was transferred between prison units on June 18, 2010, and did not regain access to the Indigent Mail Program until June 26, 2010, on which date he provided the court with a notice of his change of address. Sanders requested an extension of time as "necessary for reasons beyond his control, such as unit transfers, transient status, and use of the Uniform Access to Courts Indigent Mail Process." The district court found that Sanders had not provided any explanation for why he was unable to file his notice of appeal between June 26 and July 22, 2010. The district court denied the motion, finding that Sanders had not shown good cause for the extension of time.[2] The district court did not abuse its discretion in denying the extension motion,[3] and we affirm that order.

Sanders's notice of appeal of the district court's summary judgment for Martinez was untimely; therefore, this court does not have jurisdiction to hear his appeal of the judgment.[4] Sanders had 30 days to file a notice appeal with the district court from the date judgment was entered.[5] The judgment was entered on June 22, 2010. Sanders filed his notice of appeal on August 19, 2010, outside of the prescribed time.

---

[2] *See* FED. R. APP. P. 4(a)(5)(A)(ii).

[3] *See Allied Steel, Gen. Contractor v. City of Abilene*, 909 F.2d 139, 142 (5th Cir. 1990) ("We review extensions of time under FRAP 4(a) for abuse of discretion.") (citing *Chipser v. Kohlmeyer & Co.*, 600 F.2d 1061, 1063 (5th Cir. 1979)).

[4] *Anderson v. Pasadena Ind. Sch. Dist.*, 184 F.3d 439, 447 (5th Cir. 1999) (holding that the court did not have jurisdiction to hear an appeal after an untimely filing of a notice of appeal).

[5] FED. R. APP. P. 4(a)(1)(A).

No. 10-10851

\*    \*    \*

The order denying the extension of time to file a notice of appeal is AFFIRMED; the motion to dismiss the appeal of the summary judgment is GRANTED.